Matthew D. Kaufman, WSB #6-3960
Tyler J. Garrett, WSB #6-4400
Melissa K. Burke, WSB #7-5694
HATHAWAY & KUNZ, LLP
P. O. Box 1208
Cheyenne, WY  82003-1208
(307) 634-7723
(307) 634-0985 (fax)
mkaufman@hkwyolaw.com
tgarrett@hkwyolaw.com
mburke@hkwyolaw.com

ATTORNEYS FOR DEFENDANT

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| MO POW 3, LLC and MO POW 4, LLC,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>CRYPTO INFINITI LLC,<br><br>　　　　Defendant. | Civil Action No. 1:22-CV-155-KHR |

**CRYPTO INFINITI LLC'S MOTION FOR LEAVE TO AMEND COUNTERCLAIMS**

Defendant Crypto Infiniti LLC submits this *Motion for Leave to Amend Counterclaims* ("*Motion*") pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure and Local Rule 15.1. Crypto Infiniti has conferred with the opposing parties, who object to Crypto Infiniti amending its counterclaims. Accordingly, Crypto Infiniti seeks leave from the Court to amend its counterclaims and attaches a clean version of the amended counterclaims and a redlined version to show changes from the original counterclaims.

Specifically, Crypto Infiniti requests leave to amend its breach of contract and breach of the duty of good faith and fair dealing counterclaims to provide additional facts to put the opposing parties on notice of the claims, consistent with the Court's *Order Granting Plaintiffs' Motion to Dismiss* ("*Order*") filed on January 27, 2023. (ECF No. 26). Crypto Infiniti also requests leave to add an alternative claim for unjust enrichment, in accordance with the Court's *Order*. Lastly, Crypto Infiniti requests leave to add a claim for declaratory judgment regarding interpretation of the two contracts at issue in this case and an additional claim for breach of contract regarding the Second Contract.

## BACKGROUND

Plaintiffs filed their Complaint on July 18, 2022. (ECF No. 1). Plaintiffs then amended their Complaint on August 8, 2022. (ECF No. 7). Crypto Infiniti filed a motion to dismiss on August 29, 2022. (ECF Nos. 13 & 14). The Court then entered an order dismissing Plaintiffs' fraudulent inducement claim on October 18, 2022. (ECF No. 18). Following that order, Crypto Infiniti filed its answer and counterclaims on November 11, 2022. (ECF No. 21). Plaintiffs filed a motion to dismiss the counterclaims on December 2, 2022. (ECF No. 22). The Court entered its *Order* dismissing all of Crypto Infiniti's counterclaims on January 27, 2023. (ECF No. 26). The only claim dismissed with prejudice was the counterclaim for conversion. (*Id.* at 15). In the *Order*, the Court noted that an unjust enrichment claim may be available instead. (*Id.*) The Court also noted that "there may be claims for breach of contract and breach of the duty of good faith and fair dealing" and that Crypto Infiniti could seek leave to amend its counterclaims on those bases. (*Id.*)

Crypto Infiniti conferred with Plaintiffs through email on February 21, 2023, and Plaintiffs advised that they do not consent to any amended counterclaims. As such, Crypto Infiniti is seeking leave from the Court. The Court has reset the date for the Initial Pretrial Conference to April 5,

2023; thus, no deadlines have been set in this matter, including a deadline for amendments to the pleadings. (ECF No. 30).

## LEGAL STANDARD

A party is entitled to amend its pleadings with the court's leave. FED. R. CIV. P. 15(a)(2). The decision to grant leave to amend is within the discretion of the trial court. *TV Commc'ns Network, Inc. v. Turner Network Television, Inc.,* 964 F.2d 1022, 1028 (10th Cir. 1992). However, "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). The liberal standard "reflects the basic policy that pleadings should enable a claim to be heard on its merits." *Calderon v. Kansas Dep't of Soc. & Rehab. Servs.,* 181 F.3d 1180, 1186 (10th Cir. 1999). For courts within the Tenth Circuit, leave to amend should only be denied upon "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005).

## ARGUMENT

Crypto Infiniti is entitled to amend its counterclaims to revise the prior breach of contract and breach of the duty of good faith and fair dealing claims, add another breach of contract claim, add an unjust enrichment claim, and add a claim for a declaratory judgment. In accordance with the Court's *Order* dismissing Crypto Infiniti's claims, the amendments provide additional factual allegations and context for the breach of contract and breach of the duty of good faith and fair dealing claims. It also replaces the conversion claim with an unjust enrichment claim, which is being pled in the alternative. Lastly, although not explicitly addressed in the Court's *Order*, Crypto Infiniti includes a claim for declaratory relief to clearly elucidate the relationship between the First Contract and the Second Contract, which has previously been argued before the Court.

### A. *The case is in its early stages so there is no undue delay, undue prejudice, bad faith/dilatory motive, or failure to cure prior deficiencies.*

There is no undue delay in asserting these amended counterclaims. Crypto Infiniti's *Motion* timely comes in good faith with diligent effort to amend its counterclaims after the Court dismissed the original counterclaims. Further, there has been no scheduling conference to set deadlines in this matter. The case is still in its nascent stage and is well suited for amendments to the counterclaims.

Likewise, there is no undue prejudice to Plaintiffs. Undue prejudice is generally found when an amendment would unfairly affect preparation of the other parties' defense such as when the amended claims "arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006). The amended counterclaims do not unfairly affect Plaintiffs' preparation of a defense: *first*, because the case is in its early stages and Plaintiffs have ample time to prepare a defense; and *second*, because the new claims arise out of the same facts and subject matter of the original counterclaims. Namely, the amended counterclaims arise out of the two contracts between Plaintiffs and Crypto Infiniti and Plaintiffs' failure to perform under the contracts despite keeping Crypto Infiniti's money. This has always been Crypto Infiniti's position in prior pleadings.

Furthermore, there is no evidence of bad faith or dilatory motive on behalf of Crypto Infiniti. The amendments do not contradict any allegations in the original pleadings; rather, they are merely used to provide additional factual allegations to put Plaintiffs on notice of the claims and to add additional legal bases. *See Goode v. Gaia, Inc*, 2020 WL 7223458, at *4 (D. Colo. Dec. 8, 2020) (explaining that bad faith is found where amendments directly contradict the allegations made in the original pleading and are made solely to circumvent a defense raised in a motion to dismiss).

Crypto Infiniti has not failed to cure any prior deficiencies in the pleadings. Like Plaintiffs amending their complaint, this is the first amendment to Crypto Infiniti's pleadings, as this case is in its beginning stages. This is Crypto Infiniti's first opportunity to cure deficiencies the Court raised in its *Order* dismissing the original counterclaims; thus, the Court should permit Crypto Infiniti to amend its counterclaims in accordance with the guidance from the Court's *Order*.

### B. There is no futility because the amendments cure any deficiencies in the original counterclaims, follow the Court's Order, and are therefore not subject to dismissal.

Crypto Infiniti's proposed amendments are not futile. Generally, an amendment is considered futile if the amended claims would be subject to dismissal. *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008). Here, the amended counterclaims for breach of contract and breach of the duty of good faith and fair dealing allege facts that put Plaintiffs on notice of the claims. The amendments include allegations that Plaintiffs have improperly retained and used Crypto Infiniti's money for other purposes, and due to Plaintiffs breach, Crypto Infiniti is entitled to a refund under the specific remedies provided for in the subject contracts. Unjust enrichment is included as an alternative claim in the event the Court finds the contracts are invalid, as the Court noted in its *Order*. If the contracts are deemed invalid, Crypto Infiniti is entitled to receive a refund for all payments it made to Plaintiffs through an unjust enrichment claim because Plaintiffs failed to provide services to Crypto Infiniti in exchange for the money. Lastly, the declaratory judgment action is not futile because there is an actual controversy regarding interpretation of the two contracts at issue in this case and whether the terms are separate, hence the arguments previously put forth by both Plaintiffs and Crypto Infiniti in prior filings. As a party to these contracts, Crypto Infiniti is entitled to have its rights under the two contracts declared by this Court.

## CONCLUSION

Because the case is in its nascent stage, it is an apt time to provide the parties an opportunity to correctly craft their claims. Crypto Infiniti simply seeks the same opportunity as Plaintiffs in amending their complaint. Accordingly, Crypto Infiniti proposes to amend its breach of contract and breach of the duty of good faith and fair dealing counterclaims to provide additional allegations and put Plaintiffs on fair notice, as the Court elucidated in its *Order*. Crypto Infiniti also proposes to add an alternative counterclaim for unjust enrichment, in accordance with the Court's direction. Lastly, Crypto Infiniti requests leave to add a claim for declaratory judgment regarding interpretation of the two contracts at issue and an additional claim for breach of contract concerning the Second Contract. Because none of the factors set forth in precedent preclude amendment here, *see Duncan*, 397 F.3d at 1315, Crypto Infiniti respectfully requests the Court grant leave for Crypto Infiniti to amend its counterclaims.

**DATED** this 3rd day of March 2023.

CRYPTO INFINITI LLC

By: */s/   Tyler J. Garrett*
   Matthew D. Kaufman, WSB #6-3960
   Tyler J. Garrett, WSB #6-4400
   Melissa K. Burke, WSB #7-5694
   Hathaway & Kunz, LLP
   2515 Warren Ave. Ste 500
   P.O. Box 1208
   Cheyenne, WY 82003
   Phone:  307-634-7723
   Fax:  307-634-0985
   mkaufman@hkwyolaw.com
   tgarrett@hkwyolaw.com
   mburke@hkwyolaw.com

   ATTORNEYS FOR CRYPTO INFINITI LLC

## CERTIFICATE OF SERVICE

This is to certify that on the 3rd day of March, 2023, a true and correct copy of the foregoing was served upon counsel as follows:

| | |
|---|---|
| Jeffrey S. Pope | [ ✓ ] CM/ECF/Electronic Filing |
| Kasey J. Schlueter | [  ] U.S. Mail |
| Holland & Hart, LLP | [  ] Fax: |
| 2515 Warren Avenue, Suite 450 | [  ] E-mail |
| P.O. Box 1347 | |
| Cheyenne, WY 82003-1347 | |

*Attorneys for Plaintiffs*

*/s/ Tyler J. Garrett*
Hathaway & Kunz, LLP