Jeffrey S. Pope (Wyo. State Bar # 7-4859)
Kasey J. Schlueter (Wyo. State Bar # 8-6521)
HOLLAND & HART LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: 307.778.4200
jspope@hollandhart.com
kjschlueter@hollandhart.com

ATTORNEYS FOR PLAINTIFFS
MO POW 3, LLC AND MO POW 4, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| MO POW 3, LLC and MO POW 4, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>CRYPTO INFINITI LLC,<br><br>    Defendant. | Civil Action No. 22-CV-155-SWS |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO AMEND COUNTERCLAIMS**

**INTRODUCTION**

The Court dismissed Crypto Infiniti LLC's (Crypto) original counterclaims primarily because they did not allege a breach of the contracts between Crypto and Plaintiffs (MO POW). Crypto returns with a proposed amendment once again alleging MO POW breached the contracts in this case. But Crypto returns with the same problem—it fails to allege any facts that show MO POW breached the contracts. Specifically, Crypto alleges MO POW did not have the site ready to provide what the contracts call Managed Services. But MO POW's duty to provide Managed Services begins once Crypto ships equipment—something Crypto never did.

Crypto doubles down on this problem by alleging a breach of the implied covenant of good faith and fair dealing, relying on MO POW's non-breach and exercise of its contractual

rights. In other words, this counterclaim is subject to dismissal for the same reasons for which this Court dismissed the original counterclaims. Finally, Crypto alleges unjust enrichment, a claim that cannot exist as a matter of law when an express contract exists. In short, the amended counterclaims are futile, and the Court should deny Crypto's motion.[1]

## STANDARD OF REVIEW

For diversity actions, a federal court applies federal procedural law and state substantive law. *Racher v. Westlake Nursing Home Ltd. P'ship*, 871 F.3d 1152, 1162 (10th Cir. 2017) (citations omitted). "'Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.'" *Hinkle Family Fun Ctr., LLC v. Grisham*, 2022 U.S. App. LEXIS 35747, at *6 (10th Cir. Dec. 28, 2022) (quoting *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004)). This includes if the amendment would not survive a motion for summary judgment. *Compton v. Rent-A-Center, Inc.*, 350 F. App'x 216, 221 (10th Cir. 2009) (citations omitted).

## ARGUMENT

This Court found Crypto's original counterclaims failed "to articulate facts related to the claims that could remedy this fault through amendment." (ECF Doc. 26, p. 15.) Crypto's proposed amended counterclaims suffer from the same problem.

**I.   Crypto's amended breach of contract counterclaims are futile because they still fail to allege MO POW breached the relevant contracts.**

Crypto's proposed breach of contract claims are MO POW:

---

[1] MO POW does not contest Crypto's request to bring a declaratory judgment action as it largely duplicates the same type of claim in MO POW's Complaint.

- failed "to provide five Smart Box 3000 containers manufactured by EZ Blockchain for colocation at MO POW 3's facility located at 400 North Main, Springfield, Missouri 65802, rack space allocation for Crypto Infiniti's equipment [and MO POW 4's facility located at 5501 East Farm Road 112, Strafford, Missouri 65757], installation services, electrical power connection, power supply of at least 15 [and 20] MW[s], network connectivity, security, maintenance, repair, and technical support";

- failed "to use Crypto Infiniti's payments for MO POW 3's facility located at 400 North Main, Springfield, Missouri 65802 [and MO POW 4's facility located at 5501 East Farm Road 112, Stafford, Missouri 65757], and instead used the money for other purposes not related to the First Contract [and Second Contract]"; and

- failed "to refund Crypto Infiniti's fees paid in breach of Section 3.4 of the contract[s]." (ECF Doc. 31-1, ¶¶ 44-45, 48, 53-54, 57.)

Each of these breaches relies on MO POW's duty to provide what the contracts call Managed Services. (ECF Docs. 7-1, 7-2, ¶ 1.3.)

These alleged breaches can survive a motion to dismiss only if they have facts showing "an unjustified failure to timely perform all or any part of what is promised therein." *Kappes v. Rhodes*, 2022 WY 82, ¶ 17, 512 P.3d 31, 36 (Wyo. 2022) (internal citations and quotations omitted). But Crypto lacks critical facts in its amended counterclaims to show a breach, namely facts that show MO POW had a duty to provide containers, use the money Crypto paid to have the site ready, and return funds.

As to the first alleged breach, it may sound absurd that MO POW would have no duty to have the site or equipment ready—that's the very purpose of the contracts. But Crypto's proposed counterclaims ignore the contracts have a precondition before MO POW has any duty

to provide Managed Services—Crypto must ship its equipment to MO POW for set up and testing. (ECF Docs. 7-1, 7-2, p. 3.) But Crypto neither alleges it shipped equipment nor that it attempted to ship equipment. Therefore, MO POW has no duty to provide Managed Services, including having containers, racks, or electricity available.

Additionally, Exhibit A of the second contract requires Crypto to pay a down payment upon execution of the contract. (ECF Doc. 7-2, Ex. A.) Crypto admits it never made the required payments for the Second Contract. (ECF Doc. 31-1, ¶¶ 28-29.) "[A] first material breach of contract will fully excuse the other party's performance . . . ." *Gas Sensing Tech. Corp. v. New Horizon Ventures PTY LTD*, 2020 WY 114, ¶ 53, 471 P.3d 294, 306 (Wyo. 2020). Thus, even if MO POW received the equipment for the second contract, it would not be required to provide Managed Services to Crypto as Crypto never made the required payments at execution of the contract. *See generally Lim v. Boone*, 2021 U.S. Dist. LEXIS 96942, at **12-13 (D. Wyo. Apr. 14, 2021) (finding that the contract provision allowing the party to terminate the contract when the other party missed two payments in a twelve-month period arguably constituted a material breach justifying termination or non-performance).

Crypto's second alleged breach does not fail for lack of satisfying a precondition. Instead, it fails because neither contract requires MO POW to use Crypto funds for the facilities identified in the contracts. (*See* ECF Docs. 7-1, 7-2.) To be sure, MO POW has a duty to provide Managed Services once it receives equipment. But nothing in either contract specifies the source of funding to provide Managed Services. Therefore, MO POW's use of Crypto's funds relative to the site can never be a breach.

Finally, Crypto's return of funds claim suffers from the same failure to satisfy a precondition. The remedies clause in the contracts require MO POW to breach the contracts. (ECF Docs. 7-1, 7-2, ¶ 3.4(A) ("Client may pursue any of the remedies in this Section for Host's

non-performance of its obligations under this Agreement . . . .").) As explained above, Crypto has failed to allege facts to support a breach. Therefore, Crypto's breach of contract counterclaims are futile.

**II.    Crypto's breach of the implied covenant of good faith and fair dealing counterclaim is futile for the same reasons as the original counterclaim.**

A breach of the implied covenant of good faith and fair dealing occurs when one party interferes or fails to cooperate in the other party's performance under the contract. *White v. Shane Edeburn Constr., LLC*, 2012 WY 118, ¶ 20, 285 P.3d 949, 955-56 (Wyo. 2012) (internal quotations and citation omitted). Crypto's attempts to allege a claim that meets this standard in two ways. The first, contained in paragraph 62, alleges MO POW "failed to use Crypto Infiniti's money for their obligations under the First and Second Contracts, thus injuring the rights of Crypto Infiniti to receive the benefit of those agreements." (ECF Doc. 31-1, ¶ 62.) But as explained above, no contractual obligation requires MO POW to use Crypto funds for a specific purpose, nor does Crypto point to a single obligation in the first and second contracts that MO POW failed to perform as outlined in the previous section.

The second basis for this counterclaim is nearly identical to Crypto's original counterclaim, namely that MO POW exercised its contractual right to terminate the contracts based on nonpayment. (ECF Doc. 21, ¶ 37; ECF Doc. 31-1, ¶ 61.) "Under Wyoming law, a claim for breach of the implied covenant of good faith and fair dealing cannot exist where a party is simply exercising those rights that they are contractually entitled to exercise." *Harper v. Fid. & Guar. Life Ins. Co.*, 2010 WY 89, ¶ 34, 234 P.3d 1211, 1221 (Wyo. 2010). As explained in MO POW's Motion to Dismiss and this Court's Order, that allegation cannot state a claim for relief. (ECF Docs. 26, 22, pp. 10-12.) Thus, Crypto's third counterclaim is futile.

**III.    The contracts between the parties precludes Crypto's unjust enrichment claim as a matter of law.**

Under Wyoming law, "the unjust enrichment remedy is not available when an express contract exists." *Hunter v. Reece*, 2011 WY 97, ¶ 28, 253 P.3d 497, 504 (Wyo. 2011) (internal quotations and citations omitted). Crypto's proposed amended counterclaims admit an express contract exists; indeed, it is at the heart of the parties' dispute. (ECF Doc. 31-1, ¶¶ 9, 12.) As such, unjust enrichment is not a remedy available under Wyoming law and an amendment to include it would be futile. Crypto may realize this; so Crypto states in its Motion that it brought the counterclaim "in accordance with the Court's direction." (ECF Doc. 31, pp. 2, 6.) But as the Court well knows, it stated "[a]lternative claims, such as unjust enrichment, **may be available** to the Defendant." (ECF Doc. 26, p. 15 (emphasis added).) But unjust enrichment is unavailable and thus futile.

## CONCLUSION

For the reasons explained herein, the Court should deny Crypto's Motion for Leave to Amend Counterclaims with regards to counterclaims I through IV outlined in Attachment 1 to the Motion as these counterclaims are subject to dismissal whether that be by a motion to dismiss or a motion for summary judgment.

DATED: March 14, 2023.

        */s/ Kasey J. Schlueter*
        Jeffrey S. Pope (Wyo. State Bar # 7-4859)
        Kasey J. Schlueter (Wyo. State Bar # 8-6521)
        HOLLAND & HART LLP
        2515 Warren Avenue, Suite 450
        P.O. Box 1347
        Cheyenne, WY 82003-1347
        Telephone: 307.778.4200
        jspope@hollandhart.com
        kjschlueter@hollandhart.com

        ATTORNEYS FOR PLAINTIFFS
        MO POW 3, LLC and MO POW 4, LLC