# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| MO POW 3, LLC and MO POW 4, LLC,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>CRYPTO INFINITI LLC,<br><br>　　　　Defendant. | Civil Action No. 22-CV-155-SWS |

## JOINT CASE MANAGEMENT PLAN

**(The parties' proposed plan is subject to revision and modification by the Court at the Initial Pretrial Conference)**

　　　1.　　The names of counsel or pro se parties who attended the Rule 26(f) meeting and assisted in developing this Case Management Plan.

　　　**Response:**

　　　For the Plaintiffs: Kasey Schlueter and Jeff Pope.

　　　For the Defendant: Tyler Garrett and Melissa Burke.

　　　2.　　A list of the parties in the case, including any parent corporations or entities (for recusal purposes).

　　　**Response:**

　　　Plaintiffs: MO POW 3, LLC and MO POW 4, LLC (collectively "MO POW").

　　　Defendant: Crypto Infiniti, LLC (Crypto).

　　　3.　　List any cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.

　　　**Response:**

　　　There are no related cases.

4.     A short statement of the nature of the case (2 pages or less), including a description of the claims and defenses.

**Plaintiffs' Response:**

MO POW filed two breach of contract claims, a breach of the implied covenant of good faith and fair dealing claim, and a claim for declaratory judgment. For its breach of contract claims, on May 26, 2022, MO POW entered into two agreements with Crypto to provide a total of thirty-five (35) megawatts (MW) of hosting service capacity to Crypto's digital currency mining equipment (Agreements). The first agreement executed by MO POW 3 set out the arrangement for MO POW 3 to provide hosting services to Crypto's initial fifteen (15) MW of digital mining equipment (First Agreement). Simultaneously, MO POW 4 executed the second agreement to provide additional hosting services to Crypto's twenty (20) MW of digital mining equipment (Second Agreement). The First Agreement references the Second Agreement. At the time of execution, the Agreements required Crypto to pay Plaintiffs a rate buy down payment and a down payment. Crypto was late in making the required payments under the First Agreement and never made the required payments under the Second Agreement. Crypto's failure to pay constitutes a default and breach of the Agreements.

For MO POW's breach of the implied covenant of good faith and fair dealing claim, MO POW alleges the common purpose of the Agreements was to create an economies of scale, allowing MO POW to provide the required power at a price that Crypto wanted. MO POW alleges Crypto fraudulently represented how much power it would require in order to obtain the rate buy down structure – frustrating the economies of scale, which is a breach of the implied covenant of good faith and fair dealing.

For its declaratory judgment claim, MO POW requests the Court declare the Agreements represent an interrelated set of agreements that require the performance of both.

Due to the ongoing nature of the pleading stage, MO POW does not know which of Crypto's counterclaims will survive. Thus, at this time, it does not know what defenses it will assert.

**Defendant's Response:**

Defendant asserted the following defenses against Plaintiffs' claims: (1) Failure to state a claim upon which relief can be granted; (2) Plaintiffs were first to breach the Agreements; (3) Plaintiffs repudiated the Agreements; (4) Plaintiffs' claims are barred by lack or failure of consideration; (5) Waiver; (6) Accord and satisfaction; (7) Failure to perform conditions precedent; (8) Mutual Mistake; (9) Estoppel; (10) Unclean hands; (11) Fraudulent activities; (12) Failure to mitigate damages.

Defendant also filed counterclaims against the Plaintiffs for breach of contract claims, a breach of the implied covenant of good faith and fair dealing claim, unjust enrichment and a claim for declaratory judgment

For its breach of contract claims, On May 26, 2022, Crypto entered into agreements with MO POW 3 and MO POW 4 to provide a total of thirty-five (35) megawatts (MW) of hosting service capacity to Crypto's digital currency mining equipment (Agreements). The first agreement executed by the parties set out the arrangement for MO POW 3 to provide hosting services to Crypto's initial fifteen (15) MW of digital mining equipment (First Agreement). The second agreement executed by the parties set out the arrangement for MO POW 4 to provide additional hosting services to Crypto's twenty (20) MW of digital mining equipment (Second Agreement). Crypto paid MO POW $4,135,250 for services under the Agreements and MO POW failed to

provide any services under the Agreements. MO POW's failure to provide services constitutes a default and breach of the Agreements.

For Crypto's breach of the implied covenant of good faith and fair dealing claim, Crypto alleges MO POW's failure to provide any services yet retain the $4,135,250 Crypto paid MO POW for services under the Agreements, is a breach of the implied covenant of good faith and fair dealing. Further, MO POW's efforts to unilaterally terminate the Agreements and maintain the $4,135,250 is a breach of the implied covenant of good faith and fair dealing.

Crypto has plead an unjust enrichment claim as an alternative to its Breach of Contract claims. MO POW has been unjustly enriched by maintaining Crypto's $4,135,250 and providing Crypto nothing in return. In the event the Agreements at issue are invalid or otherwise unenforceable, Crypto's unjust enrichment claim provides Crypto a remedy to recover its $4,135,250.

Finally, for its declaratory judgment claim, Crypto requests the Court declare the Agreements are two separate and enforceable contracts and that performance by MO POW 3 under the first agreement is required regardless of Crypto or MO POW 4's performance under the second agreement. In the event the Court determines the Agreements constitute one binding contract, Crypto requests the Court declare MO POW is required to return the $4,135,250 for nonperformance of the required services.

Crypto has requested pre-judgment and post judgment interest.

5. A statement describing the basis for jurisdiction and citing specific jurisdictional statutes. If jurisdiction is based on diversity of citizenship, the report shall include a statement of the citizenship of every party and a description of the amount in dispute. The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principal

place of business, and (2) partnerships and limited liability companies are citizens of every state in which one of their partners or members resides. *If a party is a partnership or limited liability company, and the pleadings do not allege the citizenship of the partners/members, the parties shall include a statement of whether all partners/members are diverse from the opposite side.*

**Response:** This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a).

Plaintiffs: MO POW 3, LLC and MO POW 4, LLC are incorporated in Wyoming and their principal place of business is in Jackson, Wyoming.

Defendant: Crypto is a limited liability company registered in Nevada and its principal place of business is in Reno, Nevada.

The amount in controversy exceeds $75,000.

6. A list of any parties who have <u>not</u> been served, and an explanation of why they have not been served. Also, a list of any parties who have been served, but have not answered or otherwise appeared.

**Response:** There are no parties who have not been served or who have been served but have not answered or otherwise appeared.

7. A statement of whether any party expects to add additional parties to the case or otherwise amend the pleadings (the Court will set a deadline to join parties or amend pleadings at the conference).

**Response:** Neither party expects to add additional parties to the case or otherwise amend the pleadings.

8. Whether there are dispositive or partially dispositive issues appropriate for decision by motion or by agreement.

**Response:** There are dispositive or partially dispositive issues for decision by motion.

9. Whether the parties have complied with self-executing discovery (initial disclosures) as required by Rule 26(a).

**Response:** The pleading stage is ongoing, so self-executing discovery (initial disclosures) as required by Rule 26(a) have not yet become due, but the parties plan to exchange initial disclosures when the time comes.

10. Whether the parties can stipulate to any facts to avoid or minimize discovery; the nature and type of discovery each party intends to pursue, whether proportionality of discovery is an issue, whether the parties anticipate any issues with discovery of electronically stored information (ESI), and whether the discovery should be limited in any manner.

**Response:** The parties can stipulate that on May 26, 2022, MO POW 3 and Crypto entered into a contract for MO POW 3 to provide fifteen (15) MW of hosting services to Crypto's digital mining equipment and MO POW 4 and Crypto entered into a contract for MO POW 4 to provide twenty (20) MW of hosting services to Crypto's digital mining equipment.

11. Proposed specific dates for each of the following, keeping in mind that trial should occur within approximately nine (9) months from the date of the Initial Pretrial Conference, unless there are unusual or unique circumstances. Parties should be prepared to address any issues that require additional time at the Initial Pretrial Conference.

    a. Proposed dates for full and complete expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(A)-(C);

    b. A proposed deadline for the completion of fact discovery; and

    c. A proposed date for trial.

**Response:**

    a.    Proposed dates for full and complete expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(A)-(C);

The party who bears burden of proof must disclose its experts 60 days before discovery cut off and the other party must designate any rebuttal experts 30 days after the party with the burden of proof.

    b.    A proposed deadline for the completion of fact discovery; and

The parties request six months to complete discovery with the discovery cut off occurring in October 2023.

    c.    A proposed date for trial.

The parties request a trial date in February 2024 or the earliest date thereafter.

12.    Indicate any other matters peculiar or unique to this case, including discovery, that deserve the special attention of the Court at the Initial Pretrial Conference.

**Response:** There are no other peculiar or unique matters to this case that deserve special attention by the Court at the Initial Pretrial Conference.

13.    The estimated length of trial and any suggestions for shortening the trial.

**Response:** The parties estimate that trial will take 3 days.

14.    The prospects for settlement (good, fair, or poor), including any request of the Court for assistance in settlement efforts.

**Response:** The prospects for settlement are fair. At this time, the parties do not have any requests of the Court to assist in settlement efforts.

15. Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner.

**Response:** The parties have no other matters that will assist the Court.

DATED: March 31, 2023.

/s/ Kasey J. Schlueter
Jeffrey S. Pope (Wyo. State Bar # 7-4859)
Kasey J. Schlueter (Wyo. State Bar # 8-6521)
HOLLAND & HART LLP
2020 Carey Avenue, Suite 800
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: 307.778.4200
jspope@hollandhart.com
kjschlueter@hollandhart.com

ATTORNEYS FOR PLAINTIFFS
MO POW 3, LLC and MO POW 4, LLC

DATED: March 30, 2023

/s/ Melissa K. Burke
Matthew D. Kaufman
Melissa K. Burke
Tyler John Garrett
HATHAWAY & KUNZ
2515 Warren Avenue, Suite 500
P.O. Box 1208
Cheyenne, WY 82003-1208
Telephone: 307.634.0985
mkaufman@hkwyolaw.com
mburke8109@hotmail.com
tgarrett@hkwyolaw.com

ATTORNEYS FOR DEFENDANT
CRYPTO INFINITI LLC

21171241_v2