

FILED

10:53 am, 4/6/23

U.S. Magistrate Judge

# United States District Court
## For The District of Wyoming

| | |
|---|---|
| MO POW 3, LLC and MO POW 4, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> CRYPTO INFINITI, LLC, <br><br> Defendant. | Case No. 22-CV-155-R |

## ORDER ON INITIAL PRETRIAL CONFERENCE

On April 5, 2023, an initial pretrial conference was held in this matter before the Honorable Kelly H. Rankin, United States Magistrate Judge for the District of Wyoming. Counsel participating were Jeff Pope for Plaintiffs and Tyler Garrett and Kari Hartman for Defendant. After hearing from the parties, the Court set forth the following trial schedule.

**JURISDICTION AND VENUE —**

The Court has jurisdiction over both the parties and the subject matter of this action, and venue is properly in the United States District Court for the District of Wyoming. Proper service of process has been accomplished on all parties, and no parties are erroneously joined in or omitted from the action.

**CONSENT TO TRIAL BY MAGISTRATE JUDGE —**

The parties are all aware of the provisions of 28 U.S.C. § 636(c) and U.S.D.C.L.R. 73.1(a), and have consented to the case proceeding before the Honorable Kelly H. Rankin, United States Magistrate Judge for the District of Wyoming.

**CLAIMS AND DEFENSES —**

Plaintiffs filed two breach of contract claims, a breach of the implied covenant of good faith and fair dealing claim, and a claim for declaratory judgment. For their breach of contract claims, on May 26, 2022, Plaintiffs entered into two agreements with Defendant to provide a total of thirty-five (35) megawatts (MW) of hosting service capacity to Defendant's digital currency mining equipment (Agreements). The first agreement executed by MO POW 3 set out the arrangement for MO POW 3 to provide hosting services to Defendant's initial fifteen (15) MW of digital mining equipment (First Agreement). Simultaneously, MO POW 4 executed the second agreement to provide additional hosting services to Defendant's twenty (20) MW of digital mining equipment (Second Agreement). The First Agreement references the Second Agreement. At the time of execution, the Agreements required Defendant to pay Plaintiffs a rate buy down payment and a down payment. Crypto was late in making the required payments under the First Agreement and never made the required payments under the Second Agreement. Defendant's failure to pay constitutes a default and breach of the Agreements.

For Plaintiff's breach of the implied covenant of good faith and fair dealing claim, Plaintiffs allege the common purpose of the Agreements was to create an economies of scale, allowing Plaintiffs to provide the required power at a price that Defendant wanted. Plaintiffs

allege Defendant fraudulently represented how much power it would require in order to obtain the rate buy down structure – frustrating the economies of scale, which is a breach of the implied covenant of good faith and fair dealing.

For its declaratory judgment claim, Plaintiffs request the Court declare the Agreements represent an interrelated set of agreements that require the performance of both.

Due to the ongoing nature of the pleading stage, Plaintiffs do not know which of Defendant's counterclaims will survive. Thus, at this time, it does not know what defenses it will assert.

Defendant asserted the following defenses against Plaintiffs' claims: (1) Failure to state a claim upon which relief can be granted; (2) Plaintiffs were first to breach the Agreements; (3) Plaintiffs repudiated the Agreements; (4) Plaintiffs' claims are barred by lack or failure of consideration; (5) Waiver; (6) Accord and satisfaction; (7) Failure to perform conditions precedent; (8) Mutual Mistake; (9) Estoppel; (10) Unclean hands; (11) Fraudulent activities; (12) Failure to mitigate damages.

Defendant also filed counterclaims against the Plaintiffs for breach of contract claims, a breach of the implied covenant of good faith and fair dealing claim, unjust enrichment and a claim for declaratory judgment

For its breach of contract claims, On May 26, 2022, Defendant entered into agreements with Plaintiffs to provide a total of thirty-five (35) megawatts (MW) of hosting service capacity to Defendant's digital currency mining equipment (Agreements). The first agreement executed by the parties set out the arrangement for MO POW 3 to provide hosting services to

3

Defendant's initial fifteen (15) MW of digital mining equipment (First Agreement). The second agreement executed by the parties set out the arrangement for MO POW 4 to provide additional hosting services to Crypto's twenty (20) MW of digital mining equipment (Second Agreement). Defendant paid Plaintiffs $4,135,250 for services under the Agreements and Plaintiffs failed to provide any services under the Agreements. Plaintiffs' failure to provide services constitutes a default and breach of the Agreements.

For Defendant's breach of the implied covenant of good faith and fair dealing claim, Defendant alleges Plaintiffs' failure to provide any services yet retain the $4,135,250 Defendant paid Plaintiffs for services under the Agreements, is a breach of the implied covenant of good faith and fair dealing. Further, Plaintiffs efforts to unilaterally terminate the Agreements and maintain the $4,135,250 is a breach of the implied covenant of good faith and fair dealing.

Defendant has plead an unjust enrichment claim as an alternative to its Breach of Contract claims. Plaintiffs have been unjustly enriched by maintaining Defendant's $4,135,250 and providing Defendant nothing in return. In the event the Agreements at issue are invalid or otherwise unenforceable, Defendant's unjust enrichment claim provides Defendant a remedy to recover its $4,135,250.

Finally, for its declaratory judgment claim, Defendant requests the Court declare the Agreements are two separate and enforceable contracts and that performance by MO POW 3 under the first agreement is required regardless of Defendant's or MO POW 4's performance under the second agreement. In the event the Court determines the Agreements constitute one

binding contract, Crypto requests the Court declare Plaintiffs are required to return the $4,135,250 for nonperformance of the required services.

**COMPLEXITY OF THE CASE —**

The undersigned Judge is of the opinion that this is a non-complex case.

**RULE 26(F) SCHEDULING CONFERENCE —**

The parties have complied with the requirements of Rule 26(f) of the Federal Rules of Civil Procedure.

**SELF-EXECUTING ROUTINE DISCOVERY —**

The parties indicated initial disclosures would be exchanged after the Court enters a decision on Plaintiffs' pending Motion to Dismiss Defendant's Amended Counterclaims.

Pursuant to the January 24, 2014 General Order Regarding Discovery Motions, available at http://www.wyd.ucourts.gov/htmlpages/genorders.html, the parties shall confer regarding any discovery dispute, and in the event the parties cannot settle the discovery dispute on their own, counsel shall jointly contact Judge Rankin's Chambers prior to filing any written discovery motions.

The parties have a continuing duty to supplement or correct all discovery disclosures or responses in accordance with Rule 26(a) of the Federal Rules of Civil Procedure and Local Rule 26.1(c).

**PROPOSED ORDERS —**

All proposed orders regarding motions filed in this matter should be submitted to Judge Rankin's chambers in a Word format and emailed to wyojudgekhr@wyd.uscourts.gov.

**AMENDMENT TO THE PLEADINGS — June 5, 2023**

Any motions to amend the pleadings shall be filed on or before June 5, 2023.

**EXPERT WITNESS DESIGNATION —**

**Claiming Party's Designation Deadline — September 6, 2023**

**Rebuttal Designation Deadline — October 6, 2023**

In accordance with U.S.D.C.L.R. 26.1(e), the claiming party, or one with the burden of proof, shall designate expert witnesses and provide the opposing party with a complete summary of the testimony of each expert by September 6, 2023. In accordance with U.S.D.C.L.R. 26.1(e), the opposing party shall designate expert witnesses and provide the claiming party with a complete summary of the testimony of each expert by October 6, 2023. These summaries shall include a comprehensive statement of the expert's opinions and the basis for the opinions. *See Smith v. Ford Motor Co.*, 626 F.2d 784 (10th Cir. 1980). This expert designation does not satisfy the obligation to provide an expert report under Federal Rule of Civil Procedure 26(a)(2)(B). A party may depose the opposing party's experts after the discovery cutoff date, but must complete the depositions fourteen (14) days prior to the final pretrial conference.

The parties shall serve upon one another, and file with the Court, their written expert and summary reports pursuant to Rules 26(a)(2)(B) and 26(a)(2)(C) of the Federal Rules of Civil Procedure.

The party designating the expert witness shall set forth all special conditions or requirements which the designating party or the expert witnesses will insist upon with respect to the taking of their depositions, including the amount of compensation the expert witness will require and the rate per unit of time at which said compensation will be payable. In the

event counsel is unable to obtain such information to include in the designation, the efforts to obtain the same and the inability to obtain such information shall be set forth in the designation. U.S.D.C.L.R. 26.1(e).

**LISTING OF OTHER WITNESSES — November 6, 2023**

The parties shall list all other witnesses that may be called at trial, other than the witnesses already identified in the initial disclosures and the expert witnesses to be designated as set forth above, on or before November 6, 2023. Such listing of witnesses shall include the name, address, and a summary of the expected testimony of each witness. Copies of such witness lists shall be filed with the Court. Witnesses not listed or included in initial disclosures will be prohibited from testifying, absent consent of the Court for good cause shown. Testimony not reasonably set out in the summary may be disallowed on motion of the opposing party.

**DISCOVERY CUTOFF DATE — December 7, 2023**

The discovery cutoff date is December 7, 2023. All written discovery requests shall be served upon and received by opposing counsel on or before the discovery cutoff date. All discovery depositions shall be completed by the discovery cutoff date. Subject to the limitations set forth in Fed. R. Civ. P. 32, trial depositions may be taken up to seven (7) days prior to the trial date.

**DISPOSITIVE MOTIONS AND *DAUBERT* CHALLENGES**[1] —

    **Filing Deadline – December 7, 2023**

    **Response Deadline – December 21, 2023**

    **Dispositive Motions Hearing – January 4, 2024, at 2:00 p.m.**

The deadline for the parties to file all dispositive motions and *Daubert* challenges together with briefs and materials in support thereof is December 7, 2023. The parties shall file responsive briefs and materials on or before December 21, 2023. The parties shall strictly comply with all provisions of U.S.D.C.L.R. 7.1.

If a dispositive motion or *Daubert* challenge is filed earlier than the above scheduled date, the responding party must respond in accordance with U.S.D.C.L.R. 7.1.

The dispositive motions are hereby set for oral hearing before the Honorable Kelly H. Rankin on January 4, 2024, at 2:00 p.m. in the Joseph C. O'Mahoney Federal Building and U.S. Courthouse in Cheyenne, Wyoming.[2]

**STIPULATIONS AS TO FACTS — January 11, 2024**

The parties shall exchange proposals for stipulations as to facts in accordance with U.S.D.C.L.R. 16.1(b). The parties shall then confer and file with the Court their stipulations as to the facts in three (3) packets: packet #1 shall be those facts to which both parties agree, packet #2 shall include the facts to which Plaintiffs seek to stipulate and Defendant does not,

---

[1] A *"Daubert* Challenge" refers to those challenges made to the validity or admissibility of an expert's opinion testimony based upon the requirements under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999).

[2] Any *Daubert* challenges will be addressed on the briefing unless otherwise requested and ordered by the Court.

and packet #3 shall include the facts to which Defendant seeks to stipulate and Plaintiffs do not. The parties shall file these packets with the Court by January 11, 2024.

**MOTIONS IN LIMINE —**

    **Filing Deadline – January 11, 2024**

    **Response Deadline – January 18, 2024**

Motions in Limine or motions relating to the exclusion of evidence shall be filed no later than January 11, 2024. Responses shall be filed no later than January 18, 2024. Unless otherwise determined, the Court will rule on any Motions in Limine at the final pretrial conference.

**FINAL PRETRIAL CONFERENCE — January 31, 2024, at 2:00 p.m.**

A final pretrial conference in this matter has been scheduled for 2:00 p.m. on January 31, 2024, at the J.C. O'Mahoney Federal Courthouse in Cheyenne, Wyoming before the Honorable Kelly H. Rankin. Counsel for the parties shall appear in person.

Before the conference, Counsel for represented parties all must agree upon, prepare, and sign a joint proposed final pretrial order prepared for Judge Rankin's signature in the format provided on the District Court Website under civil forms. This form will take the place of a final pretrial memorandum. If you cannot locate the form, please contact Judge Rankin's chambers. All represented parties are jointly responsible for the preparation of the proposed Joint Final Pretrial Order. A copy of the proposed order must be delivered directly to Judge Rankin's chambers (but not filed) via e-mail to wyojudgekhr@wyd.uscourts.gov or by U.S. Mail at least seven (7) days before the final pretrial conference.

Witness and exhibit lists must be exchanged by the parties (but not filed) at least ten (10) days before the final pretrial conference. Exhibit lists must be attached to, and witness

lists must be included as part of, the proposed Final Pretrial Order in accordance with the instructions in the form order.  The parties are not required to list rebuttal witnesses or impeachment exhibits.

Copies of all exhibits as to where there may be objections must be brought to the final pretrial conference. If an exhibit is not brought to the final pretrial conference and an objection to the exhibit is asserted, the exhibit may be excluded from evidence for noncompliance with this order. Exhibits must be prepared for the final pretrial conference and for trial in accordance with the following instructions:

      **A. Marking of Exhibits:** All exhibits must be marked by the parties before trial. The plaintiff(s) shall list and mark each exhibit with numerals and the number of the case, and counsel for the defendant(s) shall mark each exhibit intended to be offered with letters and the number of the case, e.g., Civil No._____, Plaintiff's Exhibit 1; Civil No. _____, Defendant's Exhibit A.  In the event there are multiple parties, "plaintiff" or "defendant" and the surname or abbreviated names of the parties shall proceed the word "Exhibit," e.g., Defendant Jones Exhibit A, Defendant Smith Exhibit A, etc.

      **B. Elimination of Duplicate.**  The parties should compare the exhibits and eliminate duplicates.  If more than one party wants to offer the same exhibit, then it should be marked with a number and listed as a joint exhibit on the exhibit list of the plaintiff(s).

      **C. Copies for the Court.**  Before trial, each party must supply the Court with <u>one (1) hard copy and one (1) electronic/digital copy</u> of all exhibits to be used at trial. The hard copies of exhibits should be placed in a ringed binder with a copy of the exhibit list at the front and with each exhibit tabbed.

EXHIBIT LISTS — The parties' exhibit lists are to be prepared in the following format:

| EXHIBIT NO. | DESCRIPTION | FILE NAME | OBJECTIONS (CITE FED.R.EVID) | CATEGORY A, B, C | OFFERED | ADMIT/NOT ADMITTED (A)-(NA)* |
|---|---|---|---|---|---|---|
| | | (e.g. *****.pdf) | | | | |
| | | (e.g. *****.jpeg) | | | | |
| | | | | | | |

* This column is for use by the trial judge at trial.

The following categories are to be used for objections to exhibits:

**Category A.** These exhibits are admissible upon motion of any party, and will be available for use by any party at any stage of the proceedings without further proof or objection.

**Category B.** These exhibits are objected to on grounds other than foundation, identification, or authenticity. This category should be used for objections such as hearsay or relevance.

**Category C.** These exhibits are objected to on grounds of foundation, identification, or authenticity. This category should not be used for other grounds, such as hearsay or relevance. Failure to indicate objections to foundation shall be deemed to be a waiver of objections as to foundation for listed exhibits. Any party establishing foundation over objection may move for attorney fees and costs necessary to establish the foundation.

Any Counsel requiring authentication of an exhibit must so notify the offering counsel in writing within five (5) business days after the exhibit is made available to opposing counsel for examination. Failure to do so is an admission of authenticity.

11

Any exhibit not listed on the exhibit lists is subject to exclusion at trial. The Court may deem any objection not stated on the exhibit list as waived.

**JURY EVIDENCE RECORDING SYSTEM (JERS) —**

The Court uses a system for electronic submission of exhibits to the jury (or to the Court in the case of a bench trial). The jury evidence recording system (JERS) allows jurors to review evidence (documentary, photo, or video exhibits) on a large plasma screen during deliberations. Attorneys should provide their trial exhibits in electronic format on a USB drive, DVD, or CD to the office of the Clerk of Court a minimum of seven (7) days prior to the start of trial.

For detailed instructions on how counsel should format and submit the electronic evidence to the Court, please refer to the Jury Evidence Recording System Information (JERS) section at https://www.wyd.uscourts.gov/attorneys. Parties may obtain additional information regarding the submission of electronic exhibits by contacting the Clerk's Office.

**WITNESS LISTS —**

The parties shall identify all witnesses they will call or may call and shall further identify whether each witness will testify in person, by deposition or by video tape.

In bench trials, Witness Statements shall be provided for expert witnesses and witnesses whose testimony involves significant technical matters, but no significant issues of credibility. Witness statements shall be prepared and used at trial in accordance with Judge Rankin's Procedure for Presentation of Direct Testimony by Witness Statement, which is available on the Court's website under forms or by contacting Judge Rankin's chambers.

**BENCH TRIAL — February 20, 2024**

A bench trial is set before the Honorable Kelly H. Rankin for 9:00 a.m. on February 20, 2024, in Cheyenne, Wyoming, and is expected to last 3 days. This case is stacked # 1 on the Court's docket. U.S.D.C.L.R. 40.1(a).

**SETTLEMENT POSSIBILITIES —**

The settlement possibilities of this case are considered by the undersigned Judge to be fair.

Dated this 6th day of April, 2023.

_____
Kelly H. Rankin
United States Magistrate Judge