Matthew D. Kaufman, WSB #6-3960
Tyler J. Garrett, WSB #6-4400
Melissa K. Burke, WSB #7-5694
Kari Hartman, WSB #8-6507
HATHAWAY & KUNZ, LLP
P. O. Box 1208
Cheyenne, WY  82003-1208
(307) 634-7723
(307) 634-0985 (fax)
mkaufman@hkwyolaw.com
tgarrett@hkwyolaw.com
mburke@hkwyolaw.com
khartman@hkwyolaw.com

ATTORNEYS FOR DEFENDANT

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| MO POW 3, LLC and MO POW 4, LLC, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civil Action No. 1:22-CV-00155-KHR |
| CRYPTO INFINITI LLC, | ) ) ) |
| Defendant. | ) ) |

**CRYPTO'S RESPONSE TO PLAINTIFFS' MOTION TO DISMISS AMENDED COUNTERCLAIMS**

Defendant, Crypto Infiniti LLC, ("Crypto") by and through undersigned counsel, hereby submits this *Response* to *Plaintiffs' Motion to Dismiss Defendant's Amended Counterclaims* (the "Motion"). This Court's prior order specifically rejected Plaintiffs' futility-based arguments regarding amendments to Crypto's counterclaims. Yet, despite this Court's order, Plaintiffs attempt to relitigate issues the Court already decided. The Court's order granting leave for Crypto to file the amended counterclaims is correct; thus, the Court should deny Plaintiffs' meritless

*Motion* and let this case move on to the discovery stage. Any dismissal would be premature as there are factual issues related to each counterclaim.

## BACKGROUND

Crypto sought leave to amend its original counterclaims on March 3, 2023. (ECF No. 31). Plaintiffs opposed any amendments based on futility. (ECF No. 32). With Plaintiffs' arguments before it, the Court granted Crypto leave to amend the counterclaims. (ECF No. 33). Plaintiffs then filed the current *Motion* requesting the Court dismiss the amended counterclaims on the same bases as their opposition to the motion to amend. (ECF No. 38-1). Distilled, Plaintiffs argue they do not have any duties under the agreements because a condition precedent has not occurred, they were simply exercising contractual rights, and the express contracts preclude alternative claims. *See id.* While Plaintiffs characterize the condition precedent as a "sequence of events" in an attempt to save their crumbling contentions, Plaintiffs provide no precedent supporting their position. *See id.* at 5-6.[1]

For its breach of contract counterclaims, Crypto pleads that the agreements required Plaintiffs to provide various services to Crypto and use Crypto's money for its site; Crypto paid Plaintiffs; and Plaintiffs failed to use Crypto's money for its site and failed to provide any services to Crypto. (ECF No. 35 at 10-11). Under its good faith and fair dealing counterclaim, Crypto specifically pleaded that Plaintiffs breached the implied covenant of good faith and fair dealing by taking Crypto's money, refusing to return the money, failing to provide services to Crypto, and filing the current lawsuit to escape their contractual obligations. *Id.* at ¶ 61. Unjust enrichment was specifically noted as an alternative claim in the event the agreements were deemed not binding or

---

[1] Plaintiffs do not request dismissal of the declaratory judgment counterclaim. ECF No. 38-1 at 9 (requesting dismissal of counterclaims I-IV). So, Crypto does not address it.

otherwise unenforceable. *Id.* at 13. The factual allegations establish that Crypto paid Plaintiffs money and Plaintiffs failed to provide any services or benefits to Crypto; as a result, Plaintiffs would be unjustly enriched if they are not forced to return the money. *Id.* Crypto's allegations set forth in the amended counterclaims are more than enough to surpass a motion to dismiss, just as they were sufficient to surpass Plaintiffs' futility arguments in opposition to the motion to amend.

## STANDARD OF REVIEW

Because this is a diversity action, the Court applies federal procedural law and state substantive law. *Los Lobos Renewable Power, LLC v. Americulture, Inc*., 885 F.3d 659, 668 (10th Cir. 2018). "In examining a claim's sufficiency, the Court may not weigh potential evidence that the parties might present at trial." *McCarty v. Liberty Mut. Ins. Co*., 2016 WL 8290131, at *2 (D. Wyo. Feb. 10, 2016) (cleaned up). Instead, the Court must accept all the well-pleaded allegations of Crypto's counterclaims as true and construe them in the light most favorable to Crypto. *Id.* The counterclaims "must be supported by enough facts to be plausible on [their] face." *Id.* Facial plausibility is present when there is factual content that allows the Court to draw the reasonable inference that the counterclaim defendant is liable for the misconduct alleged. *Id.*

## ARGUMENT

### A. *The Court Should Not Allow Plaintiffs to Relitigate Prior Arguments.*

First, this Court has already considered Plaintiffs' arguments regarding failure to state a claim upon which relief can be granted. Recycling prior arguments from their unsuccessful opposition to Crypto's motion to amend, Plaintiffs again claim that they can keep all Crypto's money (despite doing nothing), there was no duty to use Crypto's money for the benefit of Crypto, and they have no duties to perform because a condition precedent was unmet. (ECF No. 38-1 at 5-7 *compare with* ECF No. 32 at 3-5). Their current argument concerning Crypto's good faith and

fair dealing counterclaim is the same as their previous opposition to Crypto's motion to amend. (ECF No. 38-1 at 7-8 (arguing that Plaintiffs were merely exercising their contractual rights and that the agreements did not establish certain duties) *compare with* ECF No. 32 at 5 (relying on the same arguments)). Finally, Plaintiffs' current argument for dismissal of Defendant's unjust enrichment counterclaim is repetitive of its prior argument; namely, that an express contract exists and precludes the counterclaim. ECF No. 38-1 at 8-9 *compare with* ECF No. 32 at 6.

The Court should not allow Plaintiffs to reargue issues which they already had a full and fair opportunity to litigate in prior briefing. Other federal courts have denied consideration of issues on a motion to dismiss where a party files the motion after the issues had already been considered when the other party sought leave to assert the claims. *See Firestone v. Berrios*, 42 F.Supp.3d 403, 410-16 (E.D. N.Y. Jan. 22, 2003) (finding the law of the case doctrine precluded it from revisiting identical legal issues on a motion to dismiss which were already raised in opposition to the motion to amend); *see also Melito v. American Eagle Outfitters, Inc*., 2016 WL 6584482 (S.D. N.Y. Nov. 7, 2016) (denying a motion to dismiss solely on the law of the case doctrine because the issues had already been litigated in opposition to the motion to file a third-party complaint). This Court already determined that Crypto's counterclaims would surpass a motion to dismiss when it addressed Plaintiffs' futility arguments, which is the same standard as a motion to dismiss. *See* ECF No. 33; *see also Adams v. C3 Pipeline Constr. Inc.,* 30 F.4th 943, 975 (10th Cir. 2021) (explaining that futility of a proposed amendment is analyzed under the "failure to state a claim" standard). Therefore, the Court could – and should – summarily deny the *Motion* on this ground alone.

### B. *The Court Cannot Decide the Condition Precedent Issue on a Motion to Dismiss.*

Even if the Court were to address the merits of Plaintiffs' *Motion*, the breach of contract counterclaims cannot be dismissed at this stage. Crypto sufficiently pleads that it provided money to Plaintiffs pursuant to two agreements, and Plaintiffs failed to hold up their end of the bargain by not performing services and spending the money on matters unrelated to the agreements. (ECF No. 35 at 10-11). While Plaintiffs argue they are not required to perform under the agreements, these arguments depend on whether shipping the equipment is a condition precedent. Indeed, if shipping the equipment is considered a condition precedent, then that condition precedent must be performed before the agreements are binding, in accordance with Wyoming law. *See Robert W. Anderson Housewrecking & Excavating, Inc. v. Bd. of Trustees, Sch. Dist. No. 25, Fremont Cnty.*, Wyo., 681 P.2d 1326, 1331 (Wyo. 1984).

Without any legal authority or analysis of the law surrounding a condition precedent, Plaintiffs confusingly contend that shipping the equipment was not a condition precedent but rather just a "sequence of events". (ECF No. 38-1 at 6). Plaintiffs' linguistic laboring is unpersuasive. As the Court previously noted, a condition precedent is "an act or event, other than a lapse of time, which must exist or occur before a duty of immediate performance of a promise arises. A condition precedent must be performed before an agreement shall become a binding contract." (ECF No. 33 at 5 (quoting *Robert W. Anderson Housewrecking and Excavating, Inc.,* 681 P.2d at 1331). Shipping the equipment is an act (not merely the lapse of time) which Plaintiffs claim had to occur before they were required to perform under the agreements. Plaintiffs cannot argue inconsistently that because Crypto did not ship its equipment, they are not required to perform under the agreements, but then also argue that shipping the equipment is not a condition precedent. The

Court's prior ruling permitting Crypto's counterclaims to proceed because of the condition precedent issue is proper and there is no reason to entertain Plaintiffs' rehash.

Additionally, "[w]hether a provision of a contract or deed is a condition precedent or subsequent is not a question of phrase or form but of the intention of the parties" and "questions of intent must be resolved by the trier of fact." *Goodwin v. Upper Crust of Wyoming, Inc*., 624 P.2d 1192, 1195 (Wyo. 1981) (cleaned-up). As such, this Court cannot determine that shipping the equipment was not a condition precedent on a motion to dismiss because it is a question of intent, which is a factual issue. Regardless of the avenue, this Court cannot dismiss the counterclaims because there are still questions regarding the condition precedent issue.

### *C. There are Factual Issues Which Preclude Dismissal of the Good Faith and Fair Dealing Counterclaim.*

Crypto sufficiently pleads that Plaintiffs took its money, failed to provide services for Crypto, and then filed the current lawsuit to escape their obligations under the agreements. (ECF No. 35 at ¶ 61). The covenant of good faith and fair dealing required Plaintiffs to not injure the rights of Crypto to receive the benefit of the agreements. *Scherer Const., LLC v. Hedquist Const., Inc.,* 2001 WY 23, ¶ 19, 18 P.3d 645, 653 (Wyo. 2001). Plaintiffs cannot take Crypto's money, then turn around and file this lawsuit and impede Crypto from shipping equipment in hopes of getting out of their contractual obligations. It would be inequitable to allow Plaintiffs to use the provision regarding shipping equipment as both a shield to evade Crypto's claims for relief and a sword to initiate their own claims for relief. By filing the lawsuit to escape their contractual obligations, Plaintiffs prevented Crypto from shipping its equipment, which would have triggered Plaintiffs' duties to perform (according to Plaintiffs). These are clearly factual issues that need to be assessed to determine whether Plaintiffs' conduct breached the covenant of good faith and fair

dealing, which cannot be accomplished on a motion to dismiss. *See City of Gillette v. Hladky Const., Inc.,* 2008 WY 134, ¶ 40, 196 P.3d 184, 199 (Wyo. 2008) (finding that breach of the implied covenant of good faith and fair dealing was a jury determination).

Further, Plaintiffs' argument that there cannot be a good faith and fair dealing counterclaim because the agreements do not expressly require something is misplaced. (ECF No. 38-1 at 8). Even taking their argument at face value that the agreements did not place certain duties on Plaintiffs (which the Court cannot do at this stage), a good faith and fair dealing claim is "separate and distinct" from breach of contract claims; they "are not mutually dependent." *PNS Stores, Inc. v. Cap. City Properties, LLC,* 2022 WY 101, ¶ 22, 515 P.3d 606, 611 (Wyo. 2022). In fact, "a party may breach the implied covenant of good faith and fair dealing even if it did not breach the express terms of the contract." *Id.* As such, Plaintiffs cannot argue that some alleged absence of an express term precludes a good faith and fair dealing claim, especially at the motion to dismiss stage where the Court cannot definitively determine the duties and obligations of the parties.

### *D. Unjust Enrichment is an Alternative Claim Permitted by the Rules of Civil Procedure.*

Crypto specifically pleads the unjust enrichment counterclaim as an alternative if the agreements are deemed not binding or otherwise unenforceable. (ECF No. 35 at 13). Because Crypto paid Plaintiffs and they failed to provide any services or benefits to Crypto, it would be unjust for Plaintiffs to enjoy a multi-million-dollar windfall. *Id.* Rule 18 of the Federal Rules of Civil Procedure permits a party to assert as many claims as it has against an opposing party, including *alternative* claims. Currently, *inter alia*, there is a dispute regarding whether the agreements are binding because a condition precedent was unmet. (ECF No. 33 at 7). Because of this issue, Crypto is entitled to plead unjust enrichment as an alternative counterclaim until the Court resolves the issue of whether the agreements are valid and binding. If the agreements are not

binding, then Crypto is entitled to make such an equitable claim to recover the money it provided to Plaintiffs when it received nothing in return. Therefore, Plaintiffs' arguments should be rejected.

## CONCLUSION

This Court's prior analysis on the motion to amend is legally sound. Plaintiffs already had the opportunity to litigate these issues at the motion to amend stage and lost. Nonetheless, there are factual issues remaining related to each of the counterclaims which preclude dismissal. As such, Crypto respectfully requests this Court deny the *Motion* and allow the counterclaims to proceed.

**DATED** this 14th day of April, 2023.

                                        HATHAWAY & KUNZ, LLP,

                                        By: */s/ Tyler J. Garrett*
                                           Matthew D. Kaufman, WSB #6-3960
                                           Tyler J. Garrett, WSB #6-4400
                                           Melissa K. Burke, WSB #7-5694
                                           Kari Hartman, WSB #8-6507
                                           Hathaway & Kunz, LLP
                                           2515 Warren Ave. Ste 500
                                           P.O. Box 1208
                                           Cheyenne, WY 82003
                                           Phone:  307-634-7723
                                           Fax:  307-634-0985

                                           ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

This is to certify that on the 14th day of April, 2023, a true and correct copy of the foregoing was served upon counsel as follows:

| | |
|---|---|
| Jeffrey S. Pope | [ ✓ ] CM/ECF/Electronic Filing |
| Kasey J. Schlueter | [   ] U.S. Mail |
| Holland & Hart, LLP | [   ] Fax: |
| 2515 Warren Avenue, Suite 450 | [   ] E-mail |
| P.O. Box 1347 | |
| Cheyenne, WY 82003-1347 | |

*Attorneys for Plaintiffs*

        */s/ Tyler J. Garrett*
        Hathaway & Kunz, LLP