Jeffrey S. Pope (Wyo. State Bar # 7-4859)
Kasey J. Schlueter (Wyo. State Bar # 8-6521)
HOLLAND & HART LLP
2020 Carey Avenue, Suite 800
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: 307.778.4200
Facsimile: 307.778.8175
JSPope@hollandhart.com
KJSchlueter@hollandhart.com

ATTORNEYS FOR PLAINTIFFS
MO POW 3, LLC AND MO POW 4, LLC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| MO POW 3, LLC and MO POW 4, LLC, | |
| Plaintiffs, | Civil Action No. 22-CV-155-SWS |
| v. | |
| CRYPTO INFINITI LLC, | |
| Defendant. | |

## PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO DISMISS

### INTRODUCTION

Defendant Crypto Infiniti LLC's (Crypto) response is smoke and mirrors. The permissive law of the case doctrine does not apply before final judgment under binding 10th Circuit case law. Plaintiffs have never asserted a condition precedent exists. And Crypto has never alleged that facts or law precluded it shipping equipment. Yet Crypto pretends otherwise to save its amended counterclaims. The simple truth is Crypto has no facts that when compared to the contracts and applicable law that can state a claim for relief. Therefore, the Court should dismiss Crypto's amended counterclaims.

# ARGUMENT

## I.    The law of the case doctrine does not apply.

Notably absent from Crypto's response is the 10th Circuit's view of the law of the case doctrine. For good reason—doing so would undermine Crypto's argument. In the 10th Circuit, the law of case doctrine suggests once a court decides upon a rule of law "that decision should continue to govern the same issues in subsequent stages in the same case." *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011). But the doctrine does not apply to revisiting rulings before entry of a final judgment because "district courts generally remain free to reconsider their earlier interlocutory orders." *Id.*; *see also In re Syngenta AG MIR 162 Corn Litig.*, 61 F.4th 1126 (10th Cir. 2023).[1] Therefore, the Court has the freedom to address whether or not Plaintiffs invoked the legal doctrine of a condition precedent that would invalidate the contract. As Plaintiffs' motion to dismiss explained, the Court need not decide whether a condition precedent exists. Instead, the Court has to decide whether the plain language of a binding contract required certain performance from Plaintiffs before or after Crypto shipped equipment.

## II.    The condition precedent argument is a strawman.

Plaintiffs have never challenged the validity of the contracts. Indeed, Plaintiffs pled they were valid. (ECF Doc. 7, pp. 5-6, ¶¶ 19, 25.) Plaintiffs also did not argue a condition precedent existed, neither using that phrase nor citing relevant law. Instead, Plaintiffs used the word

---

[1] Other courts have reached this result in specific context of a motion to dismiss an amended claim. *United States ex rel. Boros v. Health Mgmt. Assocs.*, No. 4:10-cv-10013-KMM, 2013 U.S. Dist. LEXIS 203100, at **6-7 (S.D. Fla. Mar. 1, 2013) ("the granting of a motion for leave to amend does not preclude a motion to dismiss the subsequent amended complaint, as different standards govern the two different motions." (citing *Mathie v. Fries*, 935 F. Supp. 1284, 1301 (E.D.N.Y. 1996); *Waterfront Ren. Assocs. v. City of Philadelphia*, 701 F. Supp. 2d 633, 640 (E.D. Pa. 2010); *Georgian v. Zodiac Grp., Inc*., No. 10-CIV-60037-JIC, 2010 U.S. Dist. LEXIS 97556, 2010 WL 3419706, at n.1 (S.D. Fla. Aug. 27, 2010)).

precondition, meaning something that must be fulfilled before other things can happen, to describe how and when Managed Services begin in the contracts. (See ECF Doc. 32, p. 4.) That word is an accurate description of the contracts, which contain provisions that say once X happens, then Y duty begins. In addressing a similar situation, the Wyoming Supreme Court found the contract valid while also agreeing that given the structure the lack of occurrence of a condition simply meant performance was not yet due. *Whitlock Constr., Inc. v. S. Big Horn Cty. Water Supply Joint Powers Bd.*, 2002 WY 36, ¶¶ 19, 20, 41 P.3d 1261, 1266-67 (Wyo. 2002).

Crypto hopes the Court must resolve a condition precedent as it may save an otherwise indefensible claim. But the contracts' plain language requires Crypto to ship equipment before Plaintiffs must provide Managed Services. Crypto admits it never shipped equipment. As a result, it has no facts under which it could plead a breach claim.

## III. Crypto has misleadingly reshaped its breach of the implied covenant of good faith and fair dealing claims.

For the first time, Crypto supports its implied covenant claim by arguing Plaintiffs "impede[d]" and "prevented" Crypto from shipping its equipment. (ECF Doc. 41, p. 6.) Nonsense. Crypto cites no allegations from any pleading that supports this argument. And Plaintiffs did not seek an injunction that would have stopped shipping. Rather, the allegations the Court accepts as true paint the opposite picture. First, Crypto had nearly two months to ship its equipment before Plaintiffs were forced to bring this lawsuit. (ECF Doc. 35, p. 3, ¶¶ 9, 12) (noting the contracts were signed on May 26, 2022, approximately two months before Plaintiffs filed suit.) Second, Crypto had a duty to "*promptly* deliver its digital currency mining equipment." (ECF Docs. 35-1, p. 2, ¶ 1.1(A)(1); 35-2, p. 2, ¶ 1.1(A)(1).) Looking at the relevant allegations, the reasonable inference is Crypto did not act promptly.

The remainder of Crypto's defense of its implied covenant claims ask the Court to ignore the law. While the implied claim is separate from a breach of contract claim, Crypto must plead Plaintiffs' actions were not in conformity with the clear contract language. *City of Gillette v. Hladky Constr., Inc.*, 2008 WY 134, 196 P.3d 184, 197 (Wyo. 2008)). Crypto never alleges a term from the contracts that requires Plaintiffs to use the money in a certain way—because no term exists. (ECF Doc. 35, pp. 12-13, ¶¶ 59-64.) Nor does Crypto allege Plaintiffs using the money for purposes unrelated to the contracts was indispensable to effectuate the **intention of the parties**. *White v. Shane Edeburn Constr., LLC*, 2012 WY 118, ¶ 20, 285 P.3d 949, 955-56 (Wyo. 2012) ("The implied obligation must arise from the language used or it must be indispensable to effectuate the intention of the parties."). In effect, Crypto's implied covenant claim rests on the Court inferring a duty, contrary to Wyoming law. *See Whitlock Constr., Inc.*, 2002 WY 36, ¶ 25, 41 P.3d at 1267-68.

## IV. Crypto's representations with regard to its unjust enrichment claim are disingenuous.

To save its unjust enrichment claim from binding case law, Crypto falls back on the alleged dispute over the validity of the contracts. (ECF Doc. 41, p. 7.) But none exists. As explained above, Plaintiffs did not argue a condition precedent exists. Likewise, Crypto never alleged the contracts contained a condition precedent or that the contracts are not valid and binding. (ECF Doc. 35.) To the contrary, Crypto alleged both contracts were valid contracts. (ECF Doc. 35, ¶¶ 42, 51.) Indeed, Crypto has to allege they are valid, otherwise Crypto could not allege a breach occurred. As a result, a valid, binding, and express contract exists that precludes an unjust enrichment claim. *Sowerine v. Keith*, 997 P.2d 1018, 1021 (Wyo. 2000). Saying "in the alternative" should not overcome this problem.

## CONCLUSION

For the reasons discussed herein and in Plaintiffs' Motion to Dismiss, the Court should dismiss Crypto's counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6).

DATED: April 20, 2023

/s/ Kasey J. Schlueter
Jeffrey S. Pope (Wyo. State Bar # 7-4859)
Kasey J. Schlueter (Wyo. State Bar # 8-6521)
HOLLAND & HART LLP
2020 Carey Avenue, Suite 800
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: 307.778.4200
Facsimile:  307.778.8175
JSPope@hollandhart.com
KJSchlueter@hollandhart.com

ATTORNEYS FOR PLAINTIFFS
MO POW 3, LLC and MO POW 4, LLC

21305576_v1