**FILED**

1:14 pm, 4/28/23

**U.S. Magistrate Judge**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

|  |  |
|---|---|
| MO POW 3, LLC and MO POW 4, LLC, | |
| Plaintiffs, | |
| vs. | Case No. 1:22-CV-144-KHR |
| CRYPTO INFINITI, LLC, | |
| Defendant. | |

### ORDER DENYING PLAINTIFFS' MOTION TO DISMISS

Before the Court is Plaintiffs' Motion to Dismiss Amended Counterclaims. (ECF No. 38). Recently, this Court entered an Order allowing Defendant to file amended counterclaims stemming from the contractual suit at issue. (ECF No. 33). There, the Court addressed futility arguments from Plaintiffs. The arguments in the present Motion are substantially similar to those already addressed. The Court, being fully advised, finds that Plaintiffs' Motion should be denied.

### RELEVANT LAW

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may respond to a complaint with a defense for the "failure to state a claim upon which relief can be granted." In reviewing a 12(b)(6) motion, a court should "accept as true all well-pleaded factual allegations in a complaint in a light most favorable to the plaintiff." *Smith v. U.S.*, 561 F.3d 1090, 1098 (10th Cir. 2009). "The court's function on a Rule 12(b)(6)

motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility does not equal probability. *Id.* A plaintiff must show more than a sheer possibility that the defendant acted unlawfully, passing the line from speculation or conceivability to plausibility. *Id.*; *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

### RULING OF THE COURT

The facts of this case have been thoroughly stated in the Orders on Defendant's Motion to Dismiss (ECF No. 18), Plaintiffs' initial Motion to Dismiss (ECF No. 26), and Defendant's Motion to Amend (ECF No. 33); they need not be restated.

As the Court stated in the Order on Plaintiffs' Motion to Amend, the requirement to ship equipment could serve as a condition precedent. (ECF No. 33). This specific issue was not brought to the Court's attention on Plaintiffs' initial motion to dismiss, which is why it was not addressed there. The circumstances now remain the same as when the Order on Defendant's Motion to Amend was entered. "The Court is unwilling to make a ruling that

there was an unsatisfied condition precedent at this early stage in the litigation." (ECF No. 33, at 5). If the Court had applied as stringent of a reading as Plaintiffs seek now when ruling on Defendants Motion to Dismiss, Plaintiffs' own breach of contract claims would likely not have survived. Accordingly, Defendant's unjust enrichment claim may continue in the alternative until a determination of whether a condition precedent exists. Last, Defendant's claim for the breach of the covenant of good faith and fair dealing can continue. While only one reason was stated as to why Defendant has sufficiently plead a breach of the covenant of good faith and fair dealing in the Order on Defendant's Motion to Amend, many exist. Some other reasons include: refusing to continue performance under one contract by unilaterally attempting to terminate the other (should the court find the contracts are not incorporated) and impeding Defendant from shipping its equipment (while not specifically stated under counterclaim III, it is sufficiently stated in the facts and could be included under one of the broader allegations). In a broad sense, these can be encapsulated as Defendants' allegation the Plaintiffs have impeded their performance of the contract. Such an allegation is sufficient to survive a motion to dismiss. *Scherer Const., LLC v. Hedquist Const., Inc.*, 2001 WY 23, ¶ 19, 18 P.3d 645, 653 (Wyo. 2001)

Plaintiffs are now on sufficient notice of the alleged conduct Defendant argues breached the agreement. The better course of action is to allow the claims to develop, and the claims can be refined at the summary judgment phase.

NOW, THEREFORE, IT IS ORDERED Plaintiffs' Motion to Dismiss is denied.

Dated this 28th day of April, 2023.

Kelly H. Rankin
United States Magistrate Judge