Jeffrey S. Pope (Wyo. State Bar # 7-4859)
Kasey J. Schlueter (Wyo. State Bar # 8-6521)
HOLLAND & HART LLP
2020 Carey Avenue, Suite 800
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: 307.778.4200
Facsimile:  307.778.8175
JSPope@hollandhart.com
KJSchlueter@hollandhart.com

ATTORNEYS FOR PLAINTIFFS/COUNTERCLAIM DEFENDANTS
MO POW 3, LLC AND MO POW 4, LLC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| MO POW 3, LLC and MO POW 4, LLC, | |
| Plaintiffs/Counterclaim Defendants, | |
| v. | Civil Action No. 1:22-CV-155-SWS |
| CRYPTO INFINITI LLC, | |
| Defendant/Counterclaim Plaintiff. | |

## PLAINTIFFS' ANSWER TO DEFENDANT'S FIRST AMENDED COUNTERCLAIMS

Plaintiffs/Counterclaim Defendants MO POW 3, LLC and MO POW 4, LLC
(collectively "Plaintiffs"), by and through undersigned counsel, hereby Answer
Defendant/Counterclaim Plaintiff Crypto Infiniti, LLC's ("Crypto") First Amended
Counterclaims as follows:

### PARTIES

1.      Plaintiffs admit the allegations in Paragraph 1 of Crypto's First Amended
Counterclaims.

2.      Plaintiffs admit the allegations in Paragraph 2 of Crypto's First Amended
Counterclaims.

3.      Plaintiffs admit the allegations in Paragraph 3 of Crypto's First Amended
Counterclaims.

**JURISDICTION AND VENUE**

4.      Plaintiffs admit the allegations in Paragraph 4 of Crypto's First Amended Counterclaims.

5.      Plaintiffs admit the allegations in Paragraph 5 of Crypto's First Amended Counterclaims.

6.      Plaintiffs admit the allegations in Paragraph 6 of Crypto's First Amended Counterclaims.

**FACTS COMMON TO ALL COUNTERCLAIMS**

7.      Plaintiffs lack sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 7 of Crypto's First Amended Counterclaims and therefore deny the same.

8.      Plaintiffs admit that Crypto conducted a site visit on May 16, 2022, and Thomas Guel was present during the visit. Plaintiffs deny the remaining allegations in Paragraph 8 of Crypto's First Amended Counterclaims.

9.      Plaintiffs admit the allegations in Paragraph 9 of Crypto's First Amended Counterclaims.

10.      The Master Hosting Services Agreement speaks for itself, and Plaintiffs deny any characterization of it. To the extent a response is required, Plaintiffs admit the Master Services Agreement provides for hosting services and power.

11.      The Master Hosting Services Agreement speaks for itself, and Plaintiffs deny any characterization of it. To the extent a response is required, Plaintiffs admit the Master Services Agreement provides for certain Managed Services.

12.      Plaintiffs admit the allegations in Paragraph 12 of Crypto's First Amended Counterclaims.

13.    The Second Master Hosting Services Agreement speaks for itself, and Plaintiffs deny any characterization of it. To the extent a response is required, Plaintiffs admit the Master Services Agreement provides for hosting services and power.

14.    The Master Hosting Services Agreement speaks for itself, and Plaintiffs deny any characterization of it. To the extent a response is required, Plaintiffs admit the Master Services Agreement provides for certain Managed Services.

15.    Plaintiffs admit they received a payment from Crypto in the amount of $10.00 as part of the required rate buy down payment. Plaintiffs lack sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 15 of Crypto's First Amended Counterclaims and therefore deny them.

16.    Plaintiffs admit the $10.00 payment received from Crypto was for a portion of the required rate buy down payment.

17.    Plaintiffs admit they received payment from Crypto in the amount of $1,999,990.00. Plaintiffs lack sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 17 of Crypto's First Amended Counterclaims and therefore deny them.

18.    Plaintiffs admit the payment identified in the First Agreement was for a rate buy down payment.

19.    Plaintiffs admit they received payment from Crypto in the amount of $2,135,250.00. Plaintiffs lack sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 19 of Crypto's First Amended Counterclaims and therefore deny them.

20.    Plaintiffs admit the allegations in Paragraph 20 of Crypto's First Amended Counterclaims.

21.    Plaintiffs admit the allegations in Paragraph 21 of Crypto's First Amended Counterclaims.

22.    Plaintiffs admit they showed Crypto the newly installed software, foreman.mn. Plaintiffs deny the remaining allegations in Paragraph 22 of Crypto's First Amended Counterclaims.

23.    Mr. Guel's June 17, 2022 email speaks for itself. To the extent a response is required, Plaintiffs deny Crypto's characterization of the email.

24.    Plaintiffs admit the allegations in Paragraph 24 of Crypto's First Amended Counterclaims.

25.    Plaintiffs deny the allegations in Paragraph 25 of Crypto's First Amended Counterclaims.

26.    The June 24, 2022 email speaks for itself. To the extent a response is required, Plaintiffs deny Crypto's characterization of the email.

27.    Plaintiffs admit a Zoom meeting between Crypto and Mr. Guel occurred on June 27, 2022. Plaintiffs deny the remaining allegations in Paragraph 27 of Crypto's First Amended Counterclaims.

28.    The June 28, 2022 messages speak for themselves. To the extent a response is required, Plaintiffs deny the remaining allegations in Paragraph 28 of Crypto's First Amended Counterclaims.

29.    The July 5, 2022 letter speaks for itself. To the extent a response is required, Plaintiffs deny Crypto's characterization of the letter.

30.    The July 22, 2022 letter speaks for itself. To the extent a response is required, Plaintiffs deny Crypto's characterization of the letter.

31.     Plaintiffs deny the allegations in Paragraph 31 of Crypto's First Amended Counterclaims.

32.     Plaintiffs deny the allegations in Paragraph 32 of Crypto's First Amended Counterclaims.

33.     Plaintiffs deny the allegations in Paragraph 33 of Crypto's First Amended Counterclaims.

34.     Plaintiffs admit they have not returned the payments made by Crypto. Plaintiffs deny the remaining allegations in Paragraph 34 of Crypto's First Amended Counterclaims.

35.     The First and Second Agreements speak for themselves and therefore, no response is required.

36.     Plaintiffs admit they filed an action in the United States District Court, District for Wyoming on July 18, 2022. Plaintiffs deny the remaining allegations in Paragraph 36 of Crypto's First Amended Counterclaims.

37.     Plaintiffs' Amended Complaint and response to Crypto's motion to dismiss speak for themselves. To the extent a response is required, Plaintiffs deny Crypto's characterization of the Amended Complaint and response to Crypto's motion to dismiss.

38.     Plaintiffs admit a legal notice was sent on October 12, 2022, via email. Plaintiffs deny the remaining allegations in Paragraph 38 of Crypto's First Amended Counterclaims.

39.     The October 25, 2022 email notice speaks for itself. To the extent a response is required, Plaintiffs deny Crypto's characterization of the notice.

40.     The October 31, 2022 notice of termination letter speaks for itself. To the extent a response is required, Plaintiffs deny Crypto's characterization of the notice of termination.

**COUNTERCLAIM I: BREACH OF CONTRACT – THE FIRST CONTRACT**

41.     Plaintiffs incorporate by reference their responses to all preceding paragraphs of their Answer to Crypto's First Amended Counterclaims.

42.     Plaintiffs admit the allegations in Paragraph 42 of Crypto's First Amended Counterclaims.

43.     Plaintiffs deny the allegations in Paragraph 43 of Crypto's First Amended Counterclaims.

44.     Plaintiffs deny the allegations in Paragraph 44 of Crypto's First Amended Counterclaims.

45.     Plaintiffs deny the allegations in Paragraph 45 of Crypto's First Amended Counterclaims.

46.     Plaintiffs admit receiving a $2,000,000.00 and $2,135,250.00 payment but deny the remaining allegations in Paragraph 46 of Crypto's First Amended Counterclaims.

47.     Section 3.4 of the First Agreement speaks for itself. Plaintiffs deny the remaining allegations in Paragraph 47.

48.     Plaintiffs admit they have not refunded fees paid but deny the remaining allegations in Paragraph 48.

49.     The allegations in Paragraph 49 of Crypto's First Amended Counterclaims are legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny the allegations in Paragraph 49 of Crypto's First Amended Counterclaims.

**COUNTERCLAIM II: BREACH OF CONTRACT – THE SECOND CONTRACT**

50.     Plaintiffs incorporate by reference their responses to all preceding paragraphs of their Answer to Crypto's First Amended Counterclaims.

51.    Plaintiffs admit the allegations in Paragraph 51 of Crypto's First Amended Counterclaims.

52.    Plaintiffs deny the allegations in Paragraph 52 of Crypto's First Amended Counterclaims.

53.    Plaintiffs deny the allegations in Paragraph 53 of Crypto's First Amended Counterclaims.

54.    Plaintiffs deny the allegations in Paragraph 54 of Crypto's First Amended Counterclaims.

55.    Plaintiffs admit the allegations in Paragraph 55 of Crypto's First Amended Counterclaims.

56.    Section 3.4 of the Second Agreement speaks for itself. Plaintiffs deny the remaining allegations in Paragraph 56.

57.    Plaintiffs deny the allegations in Paragraph 57 of Crypto's First Amended Counterclaims.

58.    The allegations in Paragraph 58 of Crypto's First Amended Counterclaims are legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny the allegations in Paragraph 58 of Crypto's First Amended Counterclaims.

### COUNTERCLAIM III – BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

59.    Plaintiffs incorporate by reference their responses to all preceding paragraphs of their Answer to Crypto's First Amended Counterclaims.

60.    The allegations in Paragraph 60 of Crypto's First Amended Counterclaims are legal conclusions to which no response is required.

61.    Plaintiffs deny the allegations in Paragraph 61 of Crypto's First Amended Counterclaims.

62.      Plaintiffs deny the allegations in Paragraph 62 of Crypto's First Amended Counterclaims.

63.      Plaintiffs deny the allegations in Paragraph 63 of Crypto's First Amended Counterclaims.

64.      Plaintiffs deny the allegations in Paragraph 64 of Crypto's First Amended Counterclaims.

## COUNTERCLAIM IV: UNJUST ENRICHMENT

65.      Plaintiffs incorporate by reference their responses to all preceding paragraphs of their Answer to Crypto's First Amended Counterclaims.

66.      The allegations in Paragraph 66 of Crypto's First Amended Counterclaims are legal conclusions to which no response is required.

67.      Plaintiffs admit they received payments from Crypto totaling $4,135,250.00.

68.      Plaintiffs admit they accepted payments from Crypto, but deny all remaining allegations in Paragraph 68 of Crypto's First Amended Counterclaims.

69.      Plaintiffs deny the allegations in Paragraph 69 of Crypto's First Amended Counterclaims.

70.      Plaintiffs deny the allegations in Paragraph 70 of Crypto's First Amended Counterclaims.

71.      Plaintiffs deny the allegations in Paragraph 71 of Crypto's First Amended Counterclaims.

72.      The allegations in Paragraph 72 of Crypto's First Amended Counterclaims are legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny the allegations in Paragraph 72 of Crypto's First Amended Counterclaims.

73.     Plaintiffs deny the allegations in Paragraph 73 of Crypto's First Amended Counterclaims.

## COUNTERCLAIM V: DECLARATORY JUDGMENT

74.     Plaintiffs incorporate by reference their responses to all preceding paragraphs of their Answer to Crypto's First Amended Counterclaims.

75.     The allegations in Paragraph 75 of Crypto's First Amended Counterclaims are legal conclusions to which no response is required.

76.     Plaintiffs admit receiving a $2,000,000.00 and $2,135,250.00 payment.

77.     Plaintiffs deny the allegations in Paragraph 77 of Crypto's First Amended Counterclaims.

78.     Plaintiffs deny the allegations in Paragraph 78 of Crypto's First Amended Counterclaims.

79.     Plaintiffs deny the allegations in Paragraph 79 of Crypto's First Amended Counterclaims.

80.     Plaintiffs deny the allegations in Paragraph 80 of Crypto's First Amended Counterclaims.

## GENERAL DENIAL

The remainder of Crypto's First Amended Counterclaims constitutes a prayer for relief to which no response is required. To the extent a response may be required, Plaintiffs deny that Crypto is entitled to the relief requested or to any relief whatsoever. Plaintiffs deny each and every allegation set forth in Crypto's First Amended Counterclaims not expressly admitted herein.

**AFFIRMATIVE DEFENSES**

1.      Crypto's First Amended Counterclaims fail to state a claim against Plaintiffs upon which relief can be granted, in whole or in part.

2.      Crypto's First Amended Counterclaims are barred by the doctrine of accord and satisfaction.

3.      Crypto's First Amended Counterclaims are barred by the doctrines of waiver, laches, and estoppel.

4.      Plaintiffs reserve the right to withdraw, amend or supplement these Affirmative Defenses as discovery continues.

WHEREORE, Plaintiffs/Counterclaim Defendants MO POW 3, LLC and MO POW 4, LLC request Defendant/Counterclaim Plaintiff Crypto Infiniti, LLC take nothing by way of its First Amended Counterclaims, that judgment be entered in favor of MO POW 3, LLC and MO POW 4, LLC and MO POW 3, LLC and MO POW 4, LLC be awarded their attorneys' fees and costs incurred in defending the counterclaims asserted by Crypto Infiniti, LLC.

DATED: May 12, 2023.

/s/ Jeffrey S. Pope
Jeffrey S. Pope (Wyo. State Bar # 7-4859)
Kasey J. Schlueter (Wyo. State Bar # 8-6521)
HOLLAND & HART LLP
2020 Carey Avenue, Suite 800
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: 307.778.4200
Facsimile:  307.778.8175
JSPope@hollandhart.com
KJSchlueter@hollandhart.com

ATTORNEYS FOR PLAINTIFFS/COUNTERCLAIM
DEFENDANTS MO POW 3, LLC AND MO POW 4, LLC