Matthew D. Kaufman, WSB #6-3960
Tyler J. Garrett, WSB #6-4400
Melissa K. Burke, WSB #7-5694
Kari Hartman, WSB #8-6507
HATHAWAY & KUNZ, LLP
P. O. Box 1208
Cheyenne, WY  82003-1208
(307) 634-7723
(307) 634-0985 (fax)

ATTORNEYS FOR CRYPTO INFINITI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| MO POW 3, LLC and MO POW 4, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>CRYPTO INFINITI LLC,<br><br>Defendant. | Civil Action No. 1:22-CV-155-KHR |

**CRYPTO INFINITI LLC'S BRIEF REGARDING DAMAGES**

Pursuant to the Court's March 12, 2024 Order (ECF No. 66), Crypto Infiniti LLC ("Crypto Infiniti") submits this *Brief Regarding Damages*.

**BACKGROUND**

This case concerns contract disputes between MO Pow 3, LLC ("MO Pow 3"), MO Pow 4, LLC ("MO Pow 4"), and Crypto Infiniti. *See generally*, ECF No. 7; ECF No. 35. MO Pow 3 and Crypto Infiniti executed the First Master Hosting Agreement ("First Agreement") and MO Pow 4 and Crypto Infiniti executed the Second Master Hosting Agreement ("Second Agreement"). ECF No. 7-1, 7-2. Plaintiffs sued Crypto Infiniti on various theories based on the agreements. ECF No. 7 at 5-6. Crypto Infiniti filed counterclaims based on the same. ECF No. 35 at 10-13.

After engaging in discovery, the parties filed cross-motions for summary judgment. ECF No. 51; ECF Nos. 52-53. This Court granted in part and denied in part the parties' respective motions, finding that "Mo Pow 3 breached the First Agreement by unjustifiably terminating it after the litigation ensued" and that "Crypto Infiniti unjustifiably terminated the Second Agreement with its July 5, 2022, letter." ECF No. 64 at 26-27. The remaining issue then, as the Court noted, focuses on the respective damages Crypto Infini and MO POW 4 may be entitled to under the First Agreement, Second Agreement, and Wyoming law. ECF No. 64 at 27. The Court held a status conference on March 12, 2024, and ordered that the parties submit simultaneous opening briefs on the issue of damages by April 19, 2024. ECF No. 66.

## ARGUMENT[1]

### A. Crypto Infiniti's Damages.

The Court determined that MO Pow 3 breached the First Agreement with Crypto Infiniti. ECF No. 64 at 26. Accordingly, the Court explained that the proper measure of damages under Wyoming law is likely a full return of the downpayment and partial repayment for the rate buy down payment. *Id.* at 22. Under the First Agreement, MO Pow 3's liability to Crypto Infiniti is measured by:

> three (3) months of standard managed service fee payments (not amended or discontinued due to adverse market conditions minimum monthly managed service fee payments) plus return of any deposits, buy down payments, and credits made to host by client.

ECF No. 35-1 at §5.3(B).

---

[1] The Court's Order noted that it would enforce the provision regarding lost profits under the First Master Hosting Agreement. ECF No. 64 at 21-22; ECF No. 35-1 at 14. Because that provision also addresses other consequential or indirect damages, Crypto Infiniti does not make any further argument regarding lost profits, costs for the facility to store its equipment, and costs of capital, as the Court's Order is the law of the case. Crypto Infiniti preserves the record regarding these damages in the event there is an appeal.

Pursuant to the First Agreement, Crypto Infiniti paid a total of $4,135,250, which can be broken down as follows:

- Down Payment = $2,135,250.00. ECF No. 35-1 at § 2.1 & Payment Schedule.

- Buy Down of Managed Services Fee = $2,000,000.00. ECF No. 35-1 at p. 2. This amount was also supposed to be applied to the Second Contract; however, no managed services were ever provided under the Second Contract. As such, the entire amount must be returned to Crypto Infiniti.

In addition to the $4,135,250.00 that must be returned, Section 5.3(B) of the First Agreement provides that Crypto Infiniti is entitled to three months of standard managed service fee payments as a reasonable liquidated amount due to giving up the right to other damages such as lost profits, etc.:

- Pursuant to the First Agreement's Payment Schedule, a monthly payment is set at $711,750. ECF No. 35-1 at 23. This amount multiplied by three totals $2,135,250.00. Such an amount provides reasonable liquidated damages under Wyoming law. *Pope v. Rosenberg*, 2015 WY 142, ¶ 34 n.13, 361 P.3d 824, 833 n.13 (Wyo. 2015) (setting forth the test to determine reasonable liquidated damages).

Accordingly, the total principal amount MO POW 3 must pay to Crypto Infiniti in damages is $6,270,500.00.

As to interest, because the Court ruled in its Order that the 15% rate set forth in the First Agreement is inapplicable, Wyoming's statutory rate of 7% per annum for prejudgment interest applies. ECF No. 64 at 22; WYO. STAT. ANN. § 40-14-106(e). Prejudgment interest is awarded if the amount is liquidated or readily computable, and where there is notice of the amount due. *Lew v. Lew*, 2019 WY 99, ¶ 20, 449 P.3d 683, 688 (Wyo. 2019).

Here, the amount is readily computable through simple addition of the amounts Crypto Infiniti paid MO Pow 3 under the First Master Hosting Agreement – $4,135,250. The amount equaling three monthly payments as additional damages provided for under the First Agreement is also easily calculable – $2,135,250. MO POW 3 received ample notice of Crypto Infiniti's claim, such as the notice in the July 5, 2022, letter where Crypto Infiniti noted that if MO POW 3 did not comply with their obligations under the First Agreement it would seek all damages allowed under the agreement and in law and equity. ECF No. 35-9. The letter specifically noted that payment of the deposit and rate buy down had been made by Crypto Infiniti. *Id.* Furthermore, MO POW 3 was undeniably put on notice of the amount totaling three monthly payments ($2,135,250) as a form of liquidated damages that compensated Crypto Infiniti for giving up its rights to lost profits and other types of damages. *Cenex, Inc. v. Arrow Gas Serv.*, 896 F. Supp. 1574, 1579 (D. Wyo. 1995) ("Parties to a contract are presumed to know the terms of the contract, and to know the law and to contract with reverence to the law."); *Herling v. Wyoming Mach. Co.*, 2013 WY 82, ¶ 39, 304 P.3d 951, 961 (Wyo. 2013) ("The rule is that the one who signs a paper, without reading it, if he is able to read and understand, is guilty of such negligence in failing to inform himself of its nature that he cannot be relieved from the obligation contained in the paper thus signed, unless there was something more than mere reliance upon the statements of another as to its contents. This is especially true where, as in this case, both parties to a commercial contract are sophisticated business people who have a duty to read the contract carefully." (cleaned up)).

Accordingly, applying the statutory rate of 7% to $6,270,500 from the date of the letter on July 5, 2022, through the date of this filing (April 19, 2024), prejudgment interest totals $786,475.30. The Court can add the prejudgment interest from the date of this filing through the date when the Court issues its order on damages and final judgment.

Bringing it all together, Crypto Infiniti is entitled to a total amount of damages of $7,056,975.30, which includes both principal and interest as set forth above.

Additionally, Crypto Infiniti is entitled to post-judgment interest. Under Wyoming law, post-judgment interest is awarded at the rate of 10% per year from the date of rendition until paid. WYO. STAT ANN. § 1-16-102(a).

### B. Mo Pow 4 is not entitled to any damages.

While the Court held that Crypto Infiniti breached the Second Master Hosting Agreement, it noted that there was no provision dictating that the amount of the down payment under the Second Agreement serve as liquidated damages. ECF No. 64 at 25-26. The Court noted that contract damages are intended to compensate the plaintiff for loss, but where no loss has occurred, there are no damages, and it was unclear if any payment would result in a profit to MO Pow 4. *Id.*

Damages for breach of contract are typically limited to the pecuniary loss sustained. *U.S. Through Farmers Home Admin. v. Redland*, 695 P.2d 1031, 1039 (Wyo. 1985). The objective is to compensate the injured party but not to provide them a windfall. *Legacy Builders, LLC v. Andrews*, 2014 WY 103, ¶ 17, 335 P.3d 1063, 1068 (Wyo. 2014). Further, damages must be proven with a reasonable degree of certainty without speculation or conjecture. *Schlinger v. McGhee*, 2012 WY 7, ¶ 12, 268 P.3d 264, 268 (Wyo. 2012).

Here, MO Pow 4 has not provided the Court with evidence of any loss because of the lack of down payment. It is undisputed that MO Pow 4 never provided any services to Crypto Infiniti, as Crypto Infiniti's site was never physically developed. *See* ECF No. 53 at 4. There is no loss where MO Pow 4 did not receive a payment and then did not put forth any work in relation to that payment. To award MO Pow 4 any damages would result in a windfall.

MO Pow 4 also failed to include any provisions in the Second Agreement to account for the lack of down payment. *See generally* ECF No. 35-2. Any damages would be speculative or conjecture without a provision in the contract providing for liquidated damages because of the lacking down payment. As such, MO Pow 4 cannot recover any monetary amounts under these circumstances.

## CONCLUSION

WHEREFORE Crypto Infiniti respectfully requests this Court award it $6,270,500 in principal damages, with pre-judgment interest at a rate of 7% from July 5, 2022, until judgment is entered. Additionally, post-judgment interest must be awarded at the rate of 10% until any judgment amount is satisfied. Further, Crypto Infiniti respectfully requests this Court award MO Pow 4 no monetary damages.

**DATED** this 19th day of April, 2024

CRYPTO INFINITI LLC

By: */s/   Tyler J. Garrett*
Matthew D. Kaufman, WSB #6-3960
Tyler J. Garrett, WSB #6-4400
Melissa K. Burke, WSB #7-5694
Kari Hartman, WSB #8-6507
Hathaway & Kunz, LLP
2515 Warren Ave. Ste 500
P.O. Box 1208
Cheyenne, WY 82003
Phone:  307-634-7723
Fax:  307-634-0985
mkaufman@hkwyolaw.com
tgarrett@hkwyolaw.com
mburke@hkwyolaw.com
khartman@hkwyolaw.com

ATTORNEYS FOR CRYPTO INFINITI LLC

**CERTIFICATE OF SERVICE**

    This is to certify that on the 19th day of April, 2024, a true and correct copy of the foregoing was served upon counsel as follows:

| | |
|---|---|
| Jeffrey S. Pope<br>Kasey J. Schlueter<br>Holland & Hart, LLP<br>2515 Warren Avenue, Suite 450<br>P.O. Box 1347<br>Cheyenne, WY 82003-1347 | [ ✓ ] EM/ECF/Electronic Filing<br>[  ] U.S. Mail<br>[  ] Fax:<br>[  ] E-mail |

*Attorneys for Plaintiffs*

                        */s/ Tyler J. Garrett*
                        Hathaway & Kunz, LLP