# United States District Court
## For The District of Wyoming

| | |
|---|---|
| MO POW 3 LLC, *A Wyoming limited liability company*,<br><br>MO POW 4 LLC, *a Wyoming limited liability company*<br><br>Plaintiffs/Counter Defendants,<br><br>v.<br><br>CRYPTO INFINITI LLC<br><br>Defendant/ Counter Claimant. | **FILED**<br><br>8:49 am, 6/6/24<br>**U.S. Magistrate Judge**<br>Civil No. 1:22-CV-00155-KHR |

## ORDER FOR MEDIATION

This matter having come before the Court for mediation, pursuant to an Order by the Honorable Kelly H. Rankin [ECF No. 70] and with agreement by the parties, hereby ORDERS:

Parties shall appear before the Honorable Stephanie A. Hambrick, United States Magistrate Judge, at 9:00 a.m. on **June 12, 2024,** for purposes of a ZOOM mediation. **Each party must appear with a representative who has full authority to settle the matter. An insured party shall appear by representative of the insurer or insurers who is authorized to negotiate, and who has full authority to settle the matter.**

Consideration of settlement is a serious matter that requires thorough preparation prior to the settlement conference. Set forth below are the procedures the Court requires the parties to follow and the procedures the Court typically employs in conducting the mediation.

1

**FORMAT**

**1. PREMEDIATION STATEMENT**

**Parties shall send a brief email to the court (not a pleading) on whether or not they have engaged in settlement talks. The email shall discuss what the position was of each side during those talks. If no prior settlement discussions have been held, the parties shall submit an email indicating they have not held any settlement negotiations.**

**2. ATTENDANCE OF PARTIES REQUIRED**

**Parties with settlement authority are required to personally attend the mediation.** An insured party shall appear by representative of the insurer who is authorized to negotiate, and who has authority to settle the matter. The party or a designated representative shall have authority up to the limits of the opposing parties' existing settlement demand. Each party shall appear by a representative who is authorized to negotiate, and who has *authority to settle the matter*. Having a client with authority available by telephone is *not* an acceptable alternative. Because the Court generally sets aside a full day, it is impossible for a party who is not present to appreciate the process and the reasons that may justify a change in one's perspective towards settlement.

**3. MEDIATION FORMAT**

The Court will generally use a mediation format; that is, a joint session with opening presentations by the Court and each side followed by private caucusing by the Court with each side. The Court expects both the lawyers and the party representatives to be fully prepared to participate. The Court encourages all parties to keep an open mind in order to reassess their previous positions and to discover creative means for resolving the dispute.

### 4.  STATEMENTS INADMISSIBLE

The Court expects the parties to address each other with courtesy and respect. Parties are encouraged to be frank and open in their discussions.  As a result, statements made by any party during the mediation are not to be used in discovery and will not be admissible at trial.

### 5.  ISSUES TO BE DISCUSSED

Parties should be prepared to discuss the following at the mediation. This list is not exhaustive of all that may be covered at the settlement conference, nor will all topics be applicable to the settlement of this specific case:

1. What problems would you like to address in the mediation?  What do you understand are the opposing side's goals?

2. What issues (in and outside of the lawsuit) need to be resolved?  What are the strengths and weaknesses of your case?

3. Do you understand the opposing's side's view of the case?  What is wrong with their perception?  What is right with their perception?

4. What are the points of agreement and disagreement between the parties?  Factual?  Legal?

5. What are the impediments to settlement?  Financial?  Emotional?  Legal?

6. Does settlement or further litigation better enable you to accomplish your goals?

7. Are there possibilities for a creative resolution of the dispute?

8. Do you have adequate information to discuss settlement?  If not, how will you obtain sufficient information to make a meaningful settlement discussion possible?

9. Are there outstanding lien holders or third parties who should be invited to participate in the settlement conference?

Parties shall consider the above statements as guidance in how this Court will proceed in its mediation. Furthermore, the parties' briefs on damages [ECF Nos. 72, 73] shall suffice as their individual mediation statements for purposes of the settlement conference.

Dated this 6th day of June, 2024.

Stephanie A. Hambrick
U.S. Magistrate Judge