Jeffrey S. Pope (Wyo. State Bar # 7-4859)
Kasey J. Schlueter (Wyo. State Bar # 8-6521)
HOLLAND & HART LLP
2020 Carey Avenue, Suite 800
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: 307.778.4200
Facsimile:  307.778.8175
JSPope@hollandhart.com
KJSchlueter@hollandhart.com

ATTORNEYS FOR PLAINTIFFS
MO POW 3, LLC AND MO POW 4, LLC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| MO POW 3, LLC and MO POW 4, LLC,<br><br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>CRYPTO INFINITI LLC,<br><br>　　　　　Defendant. | Civil Action No. 1:22-CV-155-KHR |

## PLAINTIFFS' RESPONSE BRIEF ON DAMAGES

### Introduction

In its Brief Regarding Damages (Brief), Crypto requests the Court award it over six million dollars. (ECF 72 at 3.) A little over $4 million of Crypto's alleged damages relates to a refund of the down payment, which is recoverable under the First Agreement. But it is not recoverable here because the Court's summary judgment decision decided against Plaintiffs (MO POW) on a theory neither party advanced. Under Tenth Circuit law, that is reversible error. The only fix at this point in the case is for the Court to award no damages. The remainder of Crypto's alleged damages rely on reading the First Agreement's limitation on liability clause as a remedies clause that entitles Crypto to damages. Crypto's reading, however, does not match the plain

language in the First Agreement and ignores the actual remedies clause, which would prohibit any additional damages. Therefore, the Court should award Crypto no damages.

## Argument

**I.  The Court erred by granting summary judgment on grounds not raised by the parties and Crypto is thus not entitled to damages on that basis.**

In its Order, the Court explained Crypto asserted a counterclaim for breach of contract of the First Agreement under two theories: 1) "Mo Pow 3 did not use the payments made under the First Agreement to construct the site;" and 2) "Mo Pow 3 did not provide any services under the First Agreement." (ECF 64 at 14.) The Court rejected both arguments. *Id.* Instead, the Court found "[t]he unjustified termination of the agreement is assuredly a breach" and as such "Crypto Infiniti is entitled to damages." (ECF 64 at 21.) The Court's Order recognizes that the "unjustified termination" was not a theory of breach argued by Crypto and that none of the "theories" of breach argued by Crypto amounted to a breach of the First Agreement. (ECF 64 at 14) ("Mo Pow 3 did not Breach the First Agreement under Defendant's Theories").

With due respect to the Court, this is a reversible error. While the Court may grant summary judgment on grounds not raised by a party, it must first give "notice and a reasonable time to respond". Fed. R. Civ. P. 26(f)(2). If a court fails to give notice, decides summary judgment on grounds not raised by a party, and that results in prejudice, then the Tenth Circuit considers that reversible error. *Oldham v. O.K. Farms, Inc.*, 871 F.3d 1147, 1150 (10th Cir. 2017) (finding that the court erred by granting summary judgment on grounds not argued in the briefing).

Here, MO POW did not receive any notice the court intended to find a breach of contract based on a theory neither party had raised or addressed. Therefore, it had no opportunity to respond. The question is whether MO POW suffered prejudice. Yes, in two ways.

First, the effect of the ruling eliminated MO POW's right in the First Agreement to cure the breach. The First Agreement allows a party to terminate in the event of a default if the non-terminating party breaches "any material term of this Agreement and fails to cure such breach (if susceptible to cure) within thirty (30) calendar days after receipt of written notice of the same;" (ECF 1-1 at 9.) In effect, Crypto terminated the First Agreement by its conduct. Crypto never shipped its equipment and never provided a shipping notice to MO POW. (*See* ECF 53 at 10.) In this lawsuit, Crypto has requested a full refund of its down payment as damages, placing Crypto in the same position as if the First Agreement never existed—functional termination. (ECF 72 at 3.) Importantly, a refund is an element of damages the First Agreement contemplates for a breach. (ECF 1-1 at 10.) The Court's summary judgment decision sanctions this result by indicating Crypto may have a right to refund from MO POW's breach. (ECF 64 at 22.) The net effect of this would be Crypto has no duty to ship its equipment and the First Agreement ends. As a result, Crypto has been allowed to terminate the First Agreement and seek remedies for default. But Crypto never provided any notice of MO POW's breach. Likewise, MO POW never had the chance to cure, which it could have easily done by withdrawing the termination letter and waiting for Crypto to ship its equipment. Had MO POW had this opportunity, it could have cured and avoided a possible $4 million exposure. The loss of this contractual right is prejudicial.

Second, the exposure itself is prejudicial. Had MO POW received notice the Court may decide the case under a theory not raised by the parties, MO POW could have addressed the issue and potentially avoided such a ruling. For example, MO POW could have made the argument

above and argued Crypto's failure to give notice and a chance to cure is a precondition to termination and seeking a refund. The failure to fulfill this condition is a breach, which precludes recovering damages, unless Crypto can show that compliance with the notice and cure provision would have been futile. *See Skyco Res., LLP v. Family Tree Corp.*, 512 P.3d 11, 17-23 (Wyo. 2022). And no evidence exists to demonstrate futility.

The only way to avoid the prejudice here would be to deny Crypto the opportunity to functionally terminate the First Agreement and receive a refund of the $4,135,250.00.

**II.     Crypto has no right to the additional $2,135,250 it seeks.**

Crypto argues, "[i]n addition to the $4,135,250.00 that must be returned, Section 5.3(B) of the First Agreement provides that Crypto Infiniti is entitled to three months of standard managed service fee payments as a reasonable liquidated amount due to giving up the right to other damages such as lost profits, etc." (ECF 72 at 3.) Crypto is wrong. Article 5.3(B) is a limitation on liability clause, which limits MO POW's liability "to three (3) months of standard managed service fee payments . . . plus return of any deposits, buy down payments, and credits made to host by client." (ECF 1-1 at 15.) A limit on liability to three months of payment is not the same as a remedies clause entitling Crypto to three months of payments.

The remedies clause is found in Article 3.4(A), which states:

> In the event of Host's nonperformance of its obligations under this Agreement, Client shall be entitled to a refund of any and all **fees paid to Host** for— (i) the three (3) service month's preceding the then-current service month, (ii) any Down Payment of Managed Services not rendered during the Initial or Renewal Term, and (iii) the remaining, pro rata portion of the Rate Buy Down Payment not applied to the Client's Payment Schedule as enumerated in Exhibit A as of the date of termination, as applicable.

(*Id.* at 10.) (emphasis added) Crypto's damages depend on it paying something to MO POW. Crypto, however, made no monthly payments to MO POW. (ECF 53 at 4) ("Crypto Infiniti did

not pay Plaintiffs any additional amounts because it did not believe Plaintiffs were going to provide the required services." (citing ECF 53-B, 46:11-47:6)); *see also* ECF 58 at 16-17.) *Stone v. Devon Energy Prod. Co., L.P.*, 181 P.3d 936, 944 (Wyo. 2008) ("Contract damages, like tort damages, are intended to compensate the plaintiff for his loss. Accordingly, where the plaintiff has suffered no loss, there are no damages." (citation omitted)). Therefore, Crypto cannot recover damages for payments it did not make.

## Conclusion

Pursuant to Tenth Circuit and Wyoming law, and the plain language of the First Agreement, the Court should enter a judgment finding Crypto is not entitled to damages.

DATED: June 27, 2024

*/s/ Kasey J. Schlueter*
Jeffrey S. Pope (Wyo. State Bar # 7-4859)
Kasey J. Schlueter (Wyo. State Bar # 8-6521)
HOLLAND & HART LLP
2020 Carey Avenue, Suite 800
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: 307.778.4200
Facsimile:  307.778.8175
JSPope@hollandhart.com
KJSchlueter@hollandhart.com

ATTORNEYS FOR PLAINTIFFS
MO POW 3, LLC AND MO POW 4, LLC

32295203_v1