Matthew D. Kaufman, WSB #6-3960
Tyler J. Garrett, WSB #6-4400
Melissa K. Burke, WSB #7-5694
Kari Hartman, WSB #8-6507
HATHAWAY & KUNZ, LLP
P. O. Box 1208
Cheyenne, WY  82003-1208
(307) 634-7723
(307) 634-0985 (fax)
mkaufman@hkwyolaw.com
tgarrett@hkwyolaw.com
mburke@hkwyolaw.com
khartman@hkwyolaw.com

ATTORNEYS FOR DEFENDANT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| MO POW 3, LLC and MO POW 4, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> CRYPTO INFINITI LLC, <br><br> Defendant. | Civil Action No. 1:22-CV-00155-KHR |

# CRYPTO INFINITI'S REPLY IN SUPPORT OF ITS OPENING BRIEF ON DAMAGES

This Court's Order required damages response briefs be filed within 14 days after the unsuccessful mediation. ECF No. 70. The unsuccessful mediation was held June 12, 2024. ECF No. 71. Crypto Infiniti filed its response on June 26, 2024, in compliance with the Court's Order. ECF No. 75. However, Plaintiffs did not and filed their response late. ECF No. 76.

1

Plaintiffs argue first that this Court erred in granting summary judgment to Crypto Infiniti because the decision was based on grounds not raised by the parties. *Id.* at 2. Second, Plaintiffs argue that Crypto Infiniti does not have a right to the additional $2,135,250 it seeks because the contract purportedly does not allow for such recovery. *Id.* at 4. For the reasons set forth below, Plaintiffs' arguments are unpersuasive.

## ARGUMENT

### A. *Plaintiffs' Response is procedurally improper.*

Plaintiffs' Response is procedurally improper for several reasons. First, Plaintiffs' Response is untimely. Per this Court's Order, responses were due on June 26, 2024, which is 14 days after the mediation was held on June 12, 2024. ECF No. 70. Yet, Plaintiffs did not file their response brief until June 27, 2024. ECF No. 76. This Court has discretion to consider this untimely response as a confession of Crypto Infiniti's calculation of damages in its opening brief. U.S.D.L.R. 7.1(b)(2)(A). At the very least, the Court should admonish Plaintiffs and not consider any of the arguments raised in their Response due to its untimeliness.

Second, Plaintiffs' brief is an unfounded attempt to get the Court to reconsider its prior ruling, although not styled as a motion to reconsider. Plaintiffs could have, but chose not to, file a motion for reconsideration. This is likely because they would not meet the requirements for the Court to reconsider its prior ruling. The only grounds for a motion to reconsider include an intervening change in controlling law, new evidence previously unavailable, or the need to correct clear error or to prevent manifest injustice. *Energy Drilling, LLC v. Pac. Energy & Mining Co.*, 2016 WL 3509362, at *1 (D. Wyo. Apr. 28, 2016). There is no change in controlling law alleged or any new evidence previously unavailable. *See* ECF No. 76. Rather, Plaintiffs appear to merely

contend the Court's prior decision was just plain wrong and that they did not have notice of the need to present evidence to avoid the Court's errant ways. *Id.*

Rule 56(f)(2) of the Federal Rules of Civil Procedure provides that this Court must provide notice and the reasonable opportunity to respond if it raises an issue *sua sponte* on summary judgment. However, this Court can forgo formal notice, if the party was already on notice it had to come forward with all its evidence. *Safeway Stores 46 Inc. v. WY Plaza LC*, 65 F.4th 474, 481 (10th Cir. 2023). Here, Plaintiffs had notice that they needed to come forward with all their evidence to avoid a summary judgment finding of breach of contract. The Court found that the letters dated October 12, 2022 through October 28, 2022 leading to the termination of the First Agreement constitute a breach of contract. ECF No. 64 at 20-21. Crypto Infiniti's Counterclaims specifically identified the October 2022 letters and the termination of the First Agreement. ECF No. 35 at 9. Notably, Crypto Infiniti's summary judgment motion also identified the October 2022 letters and the filing of the lawsuit as circumstances surrounding Mo Pow 3's breach of the First Agreement and breach of the covenant of good faith and fair dealing. ECF No. 53 at 10, 12 ("Crypto Infiniti also has asserted a claim for bad faith because Plaintiffs took its money but never provided any services; instead, filing this lawsuit and trying to terminate the Agreements post-litigation"). Plaintiffs had notice that they needed to come forward with evidence to show that their October letters would not be considered a breach of contract and they failed to do so. Therefore, the Court's summary judgment decision was correct, and Plaintiffs' precarious argument should be rejected.[1]

Further, a motion to reconsider is not an appropriate vehicle to reargue issues previously addressed by a court when the complaining party merely advances new arguments or facts that

---

[1] If Plaintiffs desire a different ruling on summary judgment, their remedy is through an appeal.

were available originally. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Plaintiffs could have made this argument in their opening brief regarding damages, but instead, chose to sneak it into their brief responding to Crypto Infiniti's arguments on damages. Indeed, Plaintiffs' improper procedural finagling is wasting judicial resources and obstructing Crypto Infiniti's ability to timely obtain its damages. *See Hayes v. Playtex Fam. Prod. Corp.*, 168 F.R.D. 292, 294 (D. Kan. 1996) ("An improper use of the motion to reconsider 'can waste judicial resources and obstruct the efficient administration of justice.'").

In any event, Plaintiffs now have notice that the Court is granting summary judgment finding that Mo Pow 3's termination of the First Agreement was a breach of contract, and they have had the opportunity to respond through this briefing. Plaintiffs claim that they would have argued that Crypto Infiniti's purported failure to give notice and a chance to cure was a precondition to termination and damages. ECF No. 76 at 3-4. The first problem with this argument is, as this Court found, Mo Pow 3 was the party terminating the First Agreement. ECF No. 64 at 20-21. Thus, Crypto Infiniti had no obligation to give any purported notice or chance to cure when it was not the party that terminated the agreement. Second, the cure provision is only applicable "if susceptible to cure." ECF No. 35-1 at 9-10. Even assuming Crypto Infiniti had an obligation to give Mo Pow 3 notice and the ability to cure its unjustified termination of the First Agreement, how can a party cure a defect when it has already terminated the contract and ended the relationship between the parties? Mo Pow 3's actions are not "susceptible to cure."

Plaintiffs further contend that Crypto Infiniti terminated the First Agreement by never shipping its equipment or providing a shipping notice. ECF No. 76 at 3. However, this Court already considered and addressed Plaintiffs' arguments regarding shipping and found that "the undisputed facts do not show Crypto Infiniti failed to act promptly in shipping the equipment" and

4

that that there was confusion because of the unanswered requests for shipping address confirmation and the understanding that the equipment did not need to be shipped until the site was ready. ECF No. 64 at 9-11. As such, this Court should decline to consider any of Plaintiffs' arguments and narrowly enter an order awarding damages in favor of Crypto Infiniti, as proper procedure provides.

    B. *Crypto Infiniti is entitled to the damages it seeks.*

Plaintiffs next argue that Crypto Infiniti cannot seek $2,135,250 because Article 3.4(A) is the sole avenue for relief. ECF No. 76 at 4. However, that Section specifically notes "these remedies do not constitute any limitation on Client seeking additional remedies available in law or equity." ECF No. 35-2 at 10. The only potential limitation on liability is that contained within Section 5.3, which Crypto Infiniti is relying on to seek its damages, and which expressly references the recovery of three months of standard managed service fee payments. ECF No. 35-2 at 14.

Plaintiffs do not make any argument regarding the calculation for the refund of the $4,135,250. ECF No. 76 at 3-4. Such an omission can only be considered a concession. Therefore, Crypto Infiniti simply relies on arguments in its opening briefing regarding its entitlement to the $4,135,250.

## CONCLUSION

For the reasons stated above, Crypto Infiniti respectfully requests this Court grant the damages requested in its Opening Brief (ECF No. 75).

DATED this 3rd day of July 2024.

                HATHAWAY & KUNZ, LLP,

                By: */s/ Tyler Garrett*
                    Matthew D. Kaufman, WSB #6-3960
                    Tyler J. Garrett, WSB #6-4400
                    Melissa K. Burke, WSB #7-5694
                    Kari Hartman, WSB #8-6507
                    Hathaway & Kunz, LLP
                    2515 Warren Ave. Ste 500
                    P.O. Box 1208
                    Cheyenne, WY 82003
                    Phone: 307-634-7723
                    Fax: 307-634-0985

                ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

This is to certify that on the 3rd day of July 2024, a true and correct copy of the foregoing was served upon counsel as follows:

Jeffrey S. Pope          [ ✓ ] CM/ECF/Electronic Filing
Kasey J. Schlueter       [ ] U.S. Mail
Holland & Hart, LLP      [ ] Fax:
2020 Carey Ave Suite 800   [ ] E-mail
P.O. Box 1347
Cheyenne, WY 82003-1347

                */s/ Melissa Underhill*
                Hathaway & Kunz, LLP