```
 1                IN THE UNITED STATES DISTRICT COURT

 2                      FOR THE DISTRICT OF WYOMING
   ─────────────────────────────────────────────────────────────

 3

 4   MO POW 3, LLC, a Wyoming limited      DOCKET NO. 22-CV-0155-R
     liability company; MO POW 4,
 5   LLC, a Wyoming limited liability
     company,
 6
             Plaintiffs,                   Cheyenne, Wyoming
 7                                         August 6, 2024
             vs.                           10:01 a.m.
 8
     CRYPTO INFINITI, LLC, a Nevada
 9   limited liability company,

10           Defendant.

11   ──────────────────────────────────

12   CRYPTO INFINITI, LLC, a Nevada
     limited liability company,
13
             Counter-Claimant,
14
             vs.
15
     MO POW 3, LLC, a Wyoming limited
16   liability company; MO POW 4,
     LLC, a Wyoming limited liability
17   company,

18           Counter-Defendants.

19   ─────────────────────────────────────────────────────────────

20              TRANSCRIPT OF HEARING PROCEEDINGS
                   TELEPHONIC STATUS CONFERENCE
21
                BEFORE THE HONORABLE KELLY H. RANKIN
22                   UNITED STATES DISTRICT JUDGE

23

24

25
```

```
                    JANET DAVIS, RDR, FCRR, CRR
                     Federal Official Court Reporter
            2120 Capitol Avenue, Room 2226, Cheyenne, WY  82001
                      307.433.2154 * jbd.davis@gmail.com

        Proceedings reported by realtime stenographic reporter;
        transcript produced with Computer-Aided Transcription.
```

APPEARANCES:

For the Plaintiffs:     Holland & Hart
                        BY:   KASEY J. SCHLUETER
                              JEFFREY S. POPE
                        2020 Carey Avenue, Suite 800
                        Cheyenne, WY  82001

For the Defendant:      Hathaway & Kunz LLP
                        BY:   KARI HARTMAN
                        2515 Warren Avenue, Suite 500
                        Cheyenne, WY  82001

| | |
|---|---|
| STATUS CONFERENCE | 3 |

1     (Proceedings commenced 10:01 a.m., August 6, 2024.)

2          THE COURT: Good morning, everyone. This is Kelly
3 Rankin. We are on the record in 22-CV-155-R, Mo Pow v. Crypto
4 Infiniti. It is my understanding appearing by telephone this
5 morning we have Kasey Schlueter, Jeff Pope for the plaintiffs,
6 and Kari Hartman on behalf of the defendant.

7          This is a status conference in light of the Court's
8 order for experts and further briefing. That's document Number
9 79. And as the order indicated, I thought it might be wise to
10 have a discussion about sort of next steps when it comes to
11 damages determinations for both parties.

12         But before we go there, let me just briefly mention a
13 couple of errors that I made in the order of July 23, and I
14 will just point those out. In preparing for today's hearing, I
15 caught them, and I apologize. We will file an amended order.
16 Hopefully, you sorted it out without too much effort.

17         But the first one I'll point out appears on page 3.
18 It's the third line from the bottom where I refer to "Plaintiff
19 is only entitled to a return of the portion relating to the
20 first agreement...," and it goes on from there.

21         To be more precise, that should read "Crypto," and so
22 we will make that correction and include that in the amended
23 order that follows our conversation today.

24         The second one, a little more substantial, is on page
25 7 in the second line. And I'm referring to damages that would

1  presumably be their profits over the three-year term of the
2  contract minus any deductions.  I incorrectly indicated that is
3  Crypto Infiniti's damages, and it should be, of course, Mo Pow
4  4's damages.
5           So, again, hopefully those are the only errors
6  contained in the order, and we'll get out an amended order that
7  hopefully reads a little cleaner and makes a little more sense.
8  So, again, I apologize for any confusion.
9           So beyond that, again, I thought maybe we need to talk
10 a little bit about where we go from here in terms of the
11 potential for experts, in terms of further fact-finding in
12 terms of either an evidentiary hearing or a trial on the
13 subject of damages, et cetera.  So I'm happy to hear your
14 thoughts, and maybe we can refine a plan and go from there.
15          So for the plaintiffs, Jeff or Kasey, feel free to
16 jump in.
17          MR. POPE:  Good morning, Your Honor.  This is Jeff
18 Pope.  Our thought on kind of next steps would be to set a time
19 frame for experts as you indicated in your order.  We have
20 already, to that end, started gathering candidates.  We need to
21 still do some interviews and kind of find the right person, so
22 we would need a little additional time for that.
23          And then I think -- you know, we don't want to drag
24 this out too long since the case has, obviously, been going on
25 for a while, but we think somewhere in the neighborhood of 30

1  to 45 days after we pick an expert to get the report together
2  would be an appropriate time frame.  It is not a super complex
3  analysis, but we want to give them enough time to do the
4  analysis and prepare a complete report.
5          So our thought would be maybe, say, 60 days for us to
6  designate so that we could complete the interviews, make the
7  selection, get the engagement, and then get the report done,
8  and then -- and then set a counterdesignation deadline for
9  Crypto.  I would defer to Ms. Hartman on how much time they
10 feel is appropriate.  I want to give them enough time they feel
11 is necessary.
12         And then, Your Honor, I think after the reports have
13 been sent around, I think it may be appropriate to have another
14 status conference to find out whether based on those reports,
15 briefing allows us to resolve the case or if there are
16 potential evidentiary issues that might require a trial.  That
17 would be our suggested plan.
18         THE COURT:  Okay, Jeff.  Thank you.  That sounds on
19 par with kind of where we are, I think.
20         Kari, your thoughts about that proposed plan and any
21 further suggestions about timing and kind of follow-up steps.
22         MS. HARMAN:  Thank you, Your Honor.  Obviously not
23 trying to get too much into argument here, but just, you know,
24 kind of to preserve our objections and whatnot, obviously we,
25 you know, object to having a late expert designation at this

1  time since the deadline has already passed, and Mo Pow 4 chose
2  not to designate an expert at that time.  Obviously, you know,
3  we take the position that, you know, Wyoming law provides it is
4  their burden to prove damages.  They didn't prove the damages
5  without the expert, and, you know, they shouldn't get a second
6  chance to do so.
7           But, you know, obviously plaintiffs have already made
8  that decision, so we just wanted to note that for the record.
9           But, you know, assuming that we're still going forward
10 with the experts, I think, obviously, we would want a
11 counterdesignation.  I'm trying to think of how long we would
12 need for that, you know, probably like 45 days after -- after
13 their designation to provide a rebuttal designation.
14          I don't disagree with the approach of after having the
15 reports put together having a status conference to decide
16 whether we need to do briefing or a trial.  I think that -- I
17 think that would make sense.
18          Obviously, we just, you know, object to having any
19 expert designations done at this point, but I don't want to
20 beat a dead horse here.  So I think that's probably just
21 what -- what we have to say from our perspective, I guess.
22          THE COURT:  Okay.  Kari, thank you.  And I will note
23 your objection.
24          We're in kind of a different sort of place, if you
25 will, given the Court's order on summary judgment and the more

1  recent order on damages.  And without some assistance at this
2  juncture, I think we're in a precarious place in terms of being
3  able to sort out where the damages lie.  But do I note your
4  objection.
5           I will overrule that objection, given those dynamics
6  here.
7           Jeff, anything else you would like to add regarding
8  kind of next steps?
9           MR. POPE:  No, Your Honor.  I think we're fine with
10 the proposed counterdesignation timeline that Ms. Hartman
11 proposed.  I think you resolved the objection issue so I don't
12 need to speak to that, so I think -- I think we're fine.
13          THE COURT:  Okay.  Well, let me put you on a brief
14 hold and let me find some potential dates.  And I will adopt
15 the suggestion that we follow up the designations with a status
16 conference to figure out, you know, where we need to refine in
17 terms of briefing or evidentiary hearing, et cetera.  I think
18 we'll have a clear picture of what our needs are at that
19 juncture, and then we can kind of go from there.
20          So give me just a moment and I will find some dates,
21 and we will see if this works for all of you.
22          MS. HARMAN:  I had one other thing, if I may just
23 briefly.
24          THE COURT:  Sure, Kari.  Go ahead.
25          MS. HARMAN:  So I don't know that this -- I believe

1   this could potentially, you know, open up some issues in terms
2   of discovery.  One, I don't know if we would need to be
3   deposing experts or if we would need to conduct further
4   discovery on, you know, any documents that may serve as the
5   baseline for the experts' opinions.  I mean, there really
6   hasn't been a whole lot of, you know, underlying evidence with
7   regard to Mo Pow 4.  So I don't know if that kind of opens up a
8   can of worms as well with -- with respect to discovery.  So I
9   just kind of wanted to throw that out there as well.
10              THE COURT:  Okay, Kari.  Thank you.
11              Jeff, your thoughts about the potential for expert
12  designation -- or expert depositions and further discovery in
13  the case?
14              MR. POPE:  Your Honor, I think that's probably an
15  issue that we fold into the status conference following the
16  corresponding designations.  I understand that could be an
17  issue.  There could be a request to depose or get documents.  I
18  think at this point I don't know what the is answer, but I
19  think if we can look at those reports, you know -- and I'd be
20  happy to confer with Ms. Hartman prior to our status conference
21  to see if we could figure out if there is a need for discovery,
22  and then, if there is, at the status conference, you know,
23  discuss that issue with Your Honor.
24              THE COURT:  Okay.  Very well.
25              Kari, anything else you would like to add regarding

1   that concern?
2           MS. HARMAN:  No.  I think Jeff's approach makes sense.
3           THE COURT:  Okay.  Well, let's play it that way, then.
4   And maybe if you all can confer prior to the next status
5   conference, as suggested, about sort of where we go from there,
6   meaning after the designations are in place, whether we need
7   further discovery, again, whether we may need just briefing
8   and/or some sort of fact-finding approach, we can kind of pivot
9   in any direction, depending on where you all come to terms on
10  that.  And if not, we'll sort it out if there's disagreements
11  about it.
12          Okay.  Well, let's -- we'll hold off on making any
13  further plans.  Let's take it one step at a time and discuss
14  designation time periods and then a further discussion.
15          So let me, again, put you on a brief hold, and we'll
16  find some dates and see if they may work.
17      (Discussion held.)
18          THE COURT:  Okay.  How does October 4th for the
19  plaintiffs and their designations and November 20th for Crypto
20  sound?  And then on top of that, this is a fairly quick
21  turnaround, but a status conference -- you will have to meet
22  and confer fairly quickly -- but November 26th which is the
23  Tuesday before Thanksgiving, at 10:00 a.m., November 26th at
24  10:00 a.m.?
25          Jeff, for you and Kasey does that schedule look like

1   it will work okay?
2           MR. POPE:  Your Honor, I apologize.  Our building
3   doesn't have air conditioning, so I'm in a hotel lobby.  Did
4   you say October 4th for our designation?  It is a little loud.
5           THE COURT:  I'm sorry, yes.  No, October 4 for you and
6   November 20 for Kari.
7           MR. POPE:  So, Your Honor, those designation deadlines
8   work just fine.  And the 26th at 10:00 a.m. also works fine.
9           THE COURT:  Okay.  Great.
10          Kari, does that work for you as well?
11          MS. HARMAN:  Yes, that does.  Thank you.
12          THE COURT:  Okay.  Well, we will get an order out that
13  reflects that schedule and, as indicated, we will get an
14  amended order out on our July 23rd order.  And then we will
15  just be prepared to talk on November 26th about where we need
16  to go from there.
17          I think that covers it for me.
18          Anything else I can address for either side?  Jeff,
19  for you and Kasey?
20          MR. POPE:  Nothing from us, Your Honor.  Thank you.
21          THE COURT:  Okay.  Kari, for you?
22          MS. HARMAN:  Nothing from me.  Thank you.
23          THE COURT:  Okay.  Thank you all for your time,
24  appreciate it.  Have a good rest of your day and we'll talk to
25  you soon.  Thanks everyone.

1   (Proceedings concluded 10:16 a.m., August 6, 2024.)

2

3

4

5                        **C E R T I F I C A T E**

6

7        I, JANET DAVIS, Federal Official Court Reporter for

8   the United States District Court for the District of Wyoming, a

9   Registered Diplomate Reporter, Federal Certified Realtime

10  Reporter, and Certified Realtime Reporter, do hereby certify

11  that I reported by machine shorthand the foregoing proceedings

12  contained herein on the aforementioned subject on the date

13  herein set forth and that the foregoing pages constitute a

14  full, true and correct transcript.

15

16          Dated this 16th day of August, 2024.

17

18

19

20                          /s/ *Janet Davis*

21                     _____

22                     JANET DAVIS, RDR, FCRR, CRR
                       *Federal Official Court Reporter*

23

24

25