Matthew D. Kaufman, WSB #6-3960
Tyler J. Garrett, WSB #6-4400
Melissa K. Burke, WSB #7-5694
Kari Hartman, WSB #8-6507
HATHAWAY & KUNZ, LLP
P. O. Box 1208
Cheyenne, WY  82003-1208
(307) 634-7723
(307) 634-0985 (fax)
mkaufman@hkwyolaw.com
tgarrett@hkwyolaw.com
mburke@hkwyolaw.com
khartman@hkwyolaw.com

ATTORNEYS FOR DEFENDANT

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| MO POW 3, LLC and MO POW 4, LLC, | ) |
| Plaintiffs, | ) |
| vs. | ) Civil Action No. 1:22-CV-00155-KHR |
| CRYPTO INFINITI LLC, | ) |
| Defendant. | ) |

## CRYPTO INFINITI'S RESPONSE IN OPPOSITION TO MO POW 4, LLC'S MOTION FOR EXTENSION OF TIME TO FILE EXPERT DESIGNATIONS

COMES NOW, Crypto Infiniti LLC ("Crypto Infiniti"), by and through counsel, and respectfully requests this Court deny Mo Pow 4's Motion for Extension of Time to File Expert Designations.

Mo Pow 4 requests a two-week extension to designate its expert concerning alleged damages. Such a request is unwarranted and any additional delay amounts to further prejudice against Crypto Infiniti.

Trial was originally set for May of 2024, but the Court granted summary judgment on liability with further briefing requested concerning damages. Damages briefing was completed in the beginning of July 2024; however, Mo Pow 4 failed to meet its burden in proving damages under Wyoming law. Nevertheless, over Crypto Infiniti's objection, the Court then allowed Mo Pow 4 to designate an expert to opine on alleged damages despite its failure to do so within the designation deadlines as set forth in the scheduling order and Federal Rules of Civil Procedure (indeed, Mo Pow 4 represented to the Court early on in the case that it did not intend to retain any experts). The Court held a hearing to set the timeline for expert designations on August 6, 2024, almost two months ago. At the hearing, Mo Pow 4's counsel represented that they had already started working on retaining an expert and only needed around 30-45 days to get the report together after retaining the expert. So, Mo Pow 4's counsel requested 60 days. The Court gave Mo Pow 4 the time they requested, and Mo Pow 4's counsel agreed to an October 4, 2024 deadline.

Crypto Infiniti is not seeking to capitalize on the unfortunate events that have occurred related to the hurricane and sympathizes with those effected, but Crypto Infiniti cannot understand how last week's hurricane on the east coast has created dire issues for Mo Pow 4 in getting its expert report completed and filed. Frankly, it's inexcusable why Mo Pow 4's expert did not already have the documents (electronically or otherwise) before last week's hurricane occurred. Mo Pow 4 has had the last approximately 60 days to provide documents to an expert and for the expert to provide a report, yet Mo Pow 4 waited until the last few days to give the expert documents for their review. Any documents the expert would review should have already been provided by Mo

Pow 4 to its attorneys as part of discovery in this matter to be produced to Crypto Infiniti. Further, even without the hurricane, it is unclear how Mo Pow 4 could meet the current designation deadline if it had not even given the expert all necessary documents for their review until the hurricane occurred. Indeed, it would have taken them 30-45 days to get a report put together by their own representations at the prior hearing. Mo Pow 4 thus would have undoubtedly missed the deadline regardless of a hurricane.

Crypto Infiniti is already prejudiced by the Court's decision to allow Mo Pow 4 the ability to designate experts past the deadline and at such a late stage in this case. That's why Crypto Infiniti objected to that decision. It was Mo Pow 4's burden to prove damages, and it failed to do so or to designate an expert to prove damages with the timeframe provided by the Federal Rules of Civil Procedure and the Court's scheduling order. While the Court has given Mo Pow 4 additional chances to prove its case, which has prejudiced Crypto Infiniti, Mo Pow 4 should not be given another chance to salvage its case with more time to designate an expert.

## CONCLUSION

For the reasons stated above, Crypto Infiniti respectfully requests this Court deny MO POW 4, LLC's Motion for Extension of Deadline (ECF No. 84).

*[Remainder of this Page Intentionally Blank]*

DATED this 2nd day of October 2024.

                                        HATHAWAY & KUNZ, LLP,

                                By: */s/  Tyler Garrett*
                                   Matthew D. Kaufman, WSB #6-3960
                                   Tyler J. Garrett, WSB #6-4400
                                   Melissa K. Burke, WSB #7-5694
                                   Kari Hartman, WSB #8-6507
                                   Hathaway & Kunz, LLP
                                   2515 Warren Ave. Ste 500
                                   P.O. Box 1208
                                   Cheyenne, WY 82003
                                   Phone:  307-634-7723
                                   Fax:  307-634-0985

                                   ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

This is to certify that on the 2nd day of October 2024, a true and correct copy of the foregoing was served upon counsel as follows:

| | |
|---|---|
| Jeffrey S. Pope | [ ✓ ] CM/ECF/Electronic Filing |
| Kasey J. Schlueter | [  ] U.S. Mail |
| Holland & Hart, LLP | [  ] Fax: |
| 2020 Carey Ave Suite 800 | [  ] E-mail |
| P.O. Box 1347 | |
| Cheyenne, WY 82003-1347 | |

                                                        */s/ Hayley Wheeler*
                                                        Hathaway & Kunz, LLP