Jeffrey S. Pope (Wyo. State Bar # 7-4859)
Kasey J. Schlueter (Wyo. State Bar # 8-6521)
HOLLAND & HART LLP
2020 Carey Avenue, Suite 800
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: 307.778.4200
Facsimile:  307.778.8175
JSPope@hollandhart.com
KJSchlueter@hollandhart.com

ATTORNEYS FOR PLAINTIFFS
MO POW 3, LLC AND MO POW 4, LLC

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| MO POW 3, LLC and MO POW 4, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> CRYPTO INFINITI LLC, <br><br> Defendant. | Civil Action No. 1:22-CV-155-KHR |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO FILE EXPERT DESIGNATIONS**

Defendant's (Crypto) Response is full of rhetoric and assertions about what Plaintiffs (MO POW) should or should not have done as well as the Court. But the Response omits a necessary component to show a two-week extension is not warranted—facts. For instance, Crypto has no facts about why MO POW's experts should have had every document they need. Crypto never asked any questions of MO POW in discussions about this extension request. Crypto never asked things like why two weeks were needed, what were the additional documents, why were those documents important, or why had they not been provided earlier. Had they done so, MO POW could have explained that the modeling process used by MO POW's expert required fact checking all portions of the model, which involved an iterative

process of asking questions and receiving documents as the model got built. Crypto also did not ask why Hurricane Helene impacted document production. Had it done so, MO POW could have explained its general counsel is the custodian of documents the expert requested for later developed portions of the model and his family lives in North Carolina, which was heavily affected by Hurricane Helene. In short, had Crypto been curious not judgmental it would have learned the necessity of an additional two weeks.

The Response also seems to suggest MO POW waited until the last minute to address this situation. That is inaccurate. MO POW began addressing the issue once it learned of the impact to MO POW's general counsel. MO POW's counsel first learned of this issue when the general counsel did not make a scheduled call with the expert last week and received an email saying he had a family emergency. After learning the nature of the emergency, MO POW reached out to Crypto about an extension. Frankly, MO POW expected this to be a non-issue because MO POW had not opposed Crypto's prior requests for extensions of time.

## Conclusion

Regardless of what either party thinks of the procedural posture of the case, the Court has asked for expert opinions. MO POW needs 14 days (maybe even less) to provide those opinions. MO POW is happy to extend Crypto's deadline so they may do the same. Therefore, MO POW requests the Court grant their Motion and enter an order extending MO POW's deadline to file their Expert Designations for fourteen (14) days, up to and including October 18, 2024.

DATED: October 3, 2024.

                                                                     */s/ Jeffrey S. Pope*
                                                                     Jeffrey S. Pope (Wyo. State Bar # 7-4859)
Kasey J. Schlueter (Wyo. State Bar # 8-6521)
HOLLAND & HART LLP
2020 Carey Avenue, Suite 800
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: 307.778.4200
Facsimile:  307.778.8175
JSPope@hollandhart.com
KJSchlueter@hollandhart.com

ATTORNEYS FOR PLAINTIFFS
MO POW 3, LLC AND MO POW 4, LLC

33122154_v1

3