

**FILED**

**1:19 pm, 10/4/24**

**Margaret Botkins
Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| MO POW 3, LLC and MO POW 4, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>CRYPTO INFINITI LLC,<br><br>Defendant. | Case No.  1:22-CV-00155-KHR |

**ORDER GRANTING IN PART PLAINTIFFS'** *MOTION FOR EXTENSION OF TIME TO FILE EXPERT DESIGNATIONS* **AND RESETTING STATUS CONFERENCE**

This matter is before the Court on MO POW 3, LLC and MO POW 4, LLC's (collectively "Mo Pow" or "Plaintiffs") *Motion for Extension of Time to File Expert Designations* ("*Motion*"). ECF No. 84. Crypto Infiniti LLC ("Crypto" or "Defendant") opposes the *Motion*. ECF No. 85. After reviewing the *Motion*, the response and reply briefs, the applicable law, and being otherwise fully advised, Plaintiffs' *Motion* shall be **GRANTED IN PART** for the reasons outlined herein.

**BACKGROUND & ORDER**

Trial in this matter was previously scheduled to begin on May 20, 2024. *See* ECF No. 48. However, Judge Kelly H. Rankin granted summary judgment on the issue of liability and requested further briefing on damages. ECF No. 64 and 67. After the parties submitted their briefs, Judge Rankin entered an order requiring "additional expert opinion(s) to determine the precise extent of each party's damages and further briefing on

1

the issues." ECF No. 79 at 1; *see* ECF No. 85 at 2. At a subsequent scheduling conference, Mo Pow requested an expert designation deadline 60 days out; the Court granted the request, setting Plaintiffs' deadline on October 4, 2024, with Defendant's designation deadline on November 11, 2024, and a status conference on November 26, 2024. ECF No. 81.

Now, Mo Pow seeks a 14-day extension to file their expert designations concerning damages. ECF No. 84 at 2. The basis for the request is unforeseen circumstances arising out of Hurricane Helene. That is, according to Plaintiffs, because of the recent hurricane in the southeast, their general counsel, who happens to reside in the path of the hurricane, was "unable to gather and transfer" certain documents that Mo Pow's expert needs to complete his report. *Id.* Due to these tempestuous circumstances, Mo Pow will be unable to meet the current expert designation deadline. *Id.* However, Mo Pow avers that an additional two weeks would give their expert time to complete his report. *Id.*

Crypto opposes the *Motion*: "Crypto…is not seeking to capitalize on the unfortunate events that have occurred…but…cannot understand how last week's hurricane on the east coast has created dire issues for Mo Pow…in getting its expert report completed and filed." ECF No. 85 at 2. Crypto goes on to assert that based upon the timeline of events, Mo Pow wouldn't have been able to meet the Court's deadline regardless of the storm. *Id.* at 2–3. And finally, Crypto asserts it would be prejudiced by a further extension given Crypto was "already prejudiced by the Court's decision to allow Mo Pow [] the ability to designate experts past the deadline and at such a late stage in this case." *Id.* at 3.

In their reply brief, Mo Pow addresses Crypto's arguments and provides more context:

> [T]he modeling process used by [Mo Pow]'s expert required fact checking all portions of the model, which involved an iterative process of asking questions and receiving documents as the model got built….[Mo Pow's] general counsel is the custodian of documents the expert requested for later developed portions of the model and his family lives in North Carolina, which was heavily affected by Hurricane Helene.
>
> * * *
>
> [Mo Pow]'s counsel first learned of this issue when the general counsel did not make a scheduled call with the expert last week and received an email saying he had a family emergency. After learning the nature of the emergency, [Mo Pow] reached out to Crypto about an extension.

ECF No. 86 at 1–2.

While the Court does not seriously question the veracity of Plaintiffs' justification for the extension, it tends to agree with Crypto that the timeline is somewhat suspect. Given the amount of time that has lapsed since Judge Rankin's order setting the expert designation deadline, and Mo Pow's assurance that the report could be completed in 30–45 days, it seems odd that Mo Pow's expert would not have had the requisite materials, and ample time, to complete the report by the October 4, 2024 deadline. ECF No. 85 at 3.

On the other hand, the Court agrees with Mo Pow that any prejudice to Crypto is relatively minor—particularly because the bench trial has been vacated and no trial date is pending. *See* ECF No. 84 at 1–2. Additionally, the Court takes notice of the fact that this is Mo Pow's first request for an extension in this case, and Mo Pow has not opposed any of Crypto's prior requests for extensions of time. *Id.* at 1; ECF No. 86 at 2.

Seeing some merit in both arguments, and ultimately finding good cause exists, the Court will partially grant the *Motion* and allow a seven-day extension of the deadlines.

## CONCLUSION

Based on the preceding, **IT IS HEREBY ORDERED** that Plaintiffs' *Motion* is **GRANTED IN PART**. As a result, the Court's prior dates and deadlines, as set in ECF No. 81, are vacated, and superseded with the following dates and deadlines: (1) Plaintiffs' expert designations are due no later than **October 11, 2024**; (2) Defendant's expert designations are due no later than **November 27, 2024**; and (3) a status conference in this matter will be set on **December 3, 2024**, at 1:00 p.m.

Dated this   4th   day of October, 2024.

_____
Scott P. Klosterman
United States Magistrate Judge