

FILED

Margaret Botkins
Clerk of Court

1:15 pm, 10/15/24

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| MO POW 3, LLC and MO POW 4, LLC, <br><br>    Plaintiffs/Counter Defendants, <br><br> v. <br><br> CRYPTO INFINITI LLC, <br><br>    Defendant/Counter Claimant. | Civil Action No. 1:22-CV-00155-KHR |

**STIPULATED PROTECTIVE ORDER**

THIS MATTER comes before the Court on the Stipulated Motion for Protective Order. Having reviewed the filings and being otherwise fully advised, the Court finds the Motion should be **GRANTED**. **IT IS HEREBY ORDERED** that:

1.  This Protective Order shall govern the production, use and disclosure of documents and information produced, used or disclosed in connection with MO POW 4's expert report and Crypto Infiniti's rebuttal expert report, as provided for in the Court's *Order for Experts and Further Briefing* filed on July 23, 2024. ECF No. 79.

2.  All documents, testimony, materials, and other information produced or disclosed by the parties in this action and designated "CONFIDENTIAL" shall only be used in connection with this action and shall not otherwise be used for any business, commercial, or competitive purpose.

3.  Any party or non-party may designate information or materials produced, used or disclosed in connection with this action as "CONFIDENTIAL" by labeling or stamping the information or materials as "CONFIDENTIAL," by orally recording the designation as part of a deposition or court record, or by any other means that are otherwise provided herein.

4.  A party, and third parties that disclose information in connection with this action, may designate information as "CONFIDENTIAL" that contains or could lead to the disclosure of (a) trade secrets, (b) confidential research, development or commercial information, (c) financial information, (d) tax returns, (e) financial statements, (f) financing documents, (g) other private business information relating to the business affairs of either party, (h) sensitive personal information, including personal, financial or employment information; and (i) other internal business documents which are sensitive in nature.

5.  Any information or document designated as "CONFIDENTIAL," and any corresponding complete or partial copies, summaries, digests, analyses, reports, etc., shall be used solely in connection with this action and shall not be disclosed to anyone other than:

   a.  the Court and its personnel;

   b.  court reporters taking testimony in this action and their necessary stenographic, videographic, and clerical personnel;

   c.  counsel of record for any party to the above-captioned litigation, and all attorneys and employees of their law firms, including, but not limited to, paralegal assistants, and stenographic and clerical employees, and local outside counsels for

the parties (whether or not they are of record);

d.  directors, officers, members, representatives, and employees of the parties whose assistance is reasonably required by counsel for the parties in the prosecution or defense in this action;

e.  testifying experts, investigators, consulting experts, and advisors, that are not employees of a party, provided, however, that before any such person is shown or receives any information or document designated as "CONFIDENTIAL" he or she must execute a Declaration in the form of Exhibit A attached hereto and the procedures of paragraph 13 must be followed;

f.  persons testifying in depositions or court proceedings;

g.  the authors and original recipients of the documents; and

h.  such other persons as the parties may designate in writing by stipulation or orally agree upon on the record at a deposition in this action.

6.  In the case of a document or thing, a designation of "CONFIDENTIAL" can be accomplished by marking the item "CONFIDENTIAL." Each page of a multi-page document shall be designated, if reasonably possible.

7.  During such time as any information or documents designated "CONFIDENTIAL" are disclosed in a deposition, any party shall have the right to exclude from attendance at the deposition any person who is not entitled to receive such information or documents pursuant to this Order.

8.  Information conveyed or discussed in testimony at a deposition shall be subject to this Order if it is designated "CONFIDENTIAL" orally or in writing at the time

the testimony is given. After a deposition has been transcribed, a party may designate specific portions of a transcript as "CONFIDENTIAL, by notifying counsel for the parties in writing of the designated portions to be treated confidentially. If the party fails to designate in writing any portions of the transcript as "CONFIDENTIAL" within 30 days after receipt of the transcript, the other parties shall be permitted to use the transcript and the information contained therein with no restrictions of confidentiality.

8. Documents and information designated as "CONFIDENTIAL," and well as court papers that discuss the contents of confidential documents and information shall be filed with the Court as non-public and marked as follows:

"CONFIDENTIAL"

IN ACCORDANCE WITH A PROTECTIVE ORDER ENTERED IN THIS MATTER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS AUTHORIZED TO RECEIVE SUCH INFORMATION PURSUANT TO THE PROTECTIVE ORDER.

9. Subject to the other provisions herein, the inadvertent failure to designate information or documents as "CONFIDENTIAL" in accordance with this Order shall not preclude or in any way prejudice a party at a later time from subsequently designating or objecting to the designation of such information or documents as "CONFIDENTIAL". The parties understand and agree that failure of a party to designate information or documents as "CONFIDENTIAL" relieves the receiving party of obligations of confidentiality until such designation is made, except as otherwise provided herein. When notice of a producing party's inadvertent failure to mark a document or thing as "CONFIDENTIAL" is given by the party to the other parties, the receiving parties shall promptly return or destroy the

unmarked documents or things and attempt to retrieve such materials from persons not qualified under this Order to possess such information. The producing party shall promptly produce a properly marked copy of the document or thing.

10.     A party that objects to the designation of any document or information as "CONFIDENTIAL" shall provide written notice of the objection to the designating party. The notice shall state with specificity the document or information objected to and the basis for the objection. The parties shall first promptly try to dispose of such dispute in good faith on an informal basis through a meet-and-confer process as required by the local rules. If the dispute cannot be amicably resolved, the objecting party may file a motion objecting to the designation within fifteen (15) business days after the end of the meet-and-confer process. If a motion objecting to the designation is not made within that time, the party's objection shall be deemed withdrawn subject to the party's right to reassert the objection in the future.

When a motion objecting to a designation is filed, the party making the disputed designation shall bear the burden of establishing that the information has been properly designated as "CONFIDENTIAL". The disputed information shall be treated according to its designation as "CONFIDENTIAL" until the dispute is amicably resolved or until the Court orders that the information was not properly designated.

No party shall be under any obligation to object to any designation of confidentiality at the time such designation is made, or any time thereafter. No party shall, by failure to object, be found to have acquiesced or agreed to such designation or be barred from objecting to such a designation at any time thereafter.

11. Neither this Order nor any stipulation herein, nor any disclosure or use of information or documents, in whatever form, pursuant to this Order, shall be deemed an admission, waiver, or agreement by any party that any information or documents designated as "CONFIDENTIAL" hereunder is or is not a trade secret or confidential information for purposes of determining the merits of any claims any party may have against one another or a third party. Neither this Order nor any stipulation herein shall be deemed to expand the scope of discovery in this action beyond the limits otherwise prescribed by law, or to enlarge the scope of discovery to matters unrelated to this action.

12. Notwithstanding anything in this Order to the contrary, the confidentiality obligations and restrictions of this Order shall not prohibit the disclosure or use of any information or material that may have been produced in this action and designated as "CONFIDENTIAL" if that information or material:

    a. was, is, or becomes public knowledge without (1) a violation of this Protective Order, or (2) a violation of a confidential relationship;

    b. was or is acquired by the receiving party from a third party having the right to disclose such information or material; or

    c. was lawfully in the possession, custody, or control of the receiving party prior to the receipt of such information from the disclosing party.

13. Prior to disclosure of information designated "CONFIDENTIAL" to testifying experts, investigators, consulting experts, and advisors, as provided in Paragraph 5(e) above, a copy of the executed declaration attached as Exhibit A shall be maintained in the receiving attorney's file until the expert, investigator, consulting expert, or advisor is

designated under the F.R.C.P., U.S.D.C.L.R. or by Court Order. If an expert, investigator, consulting expert, or advisor is not so designated, counsel working with such individual will obtain all confidential information from the individual and maintain the declaration in their file until the case is finally terminated. It shall be sufficient for a testifying expert, investigator, consultant, and advisor to execute the declaration on behalf of the members and employees of his or her firm; no additional declarations are necessary from such members and employees.

14. Should a receiving party need to disclose "CONFIDENTIAL" information to someone not otherwise authorized to receive such information pursuant to this Order, the receiving party shall inform the producing/designating party of the documents or information it proposes to disclose, the person or persons to whom disclosure is proposed to be made, the extent of the proposed disclosure required, the basis for such proposed disclosure, and request approval from the producing/designating party for the disclosure.  The parties shall attempt to agree on terms and conditions for such approval.  If approval from the producing/designating party cannot be obtained, the receiving party may seek approval from the Court to disclose such information.  Approval of the proposed disclosure must, in any event, be obtained before the disclosure is made by the receiving party under this paragraph.

15. A party in receipt of documents or information designated as "CONFIDENTIAL" pursuant to this Order who is required to disclose the document or information pursuant to any law, regulation, order or rule of any governmental authority, shall give immediate advance notice, to the extent possible, or, if not possible, shall give notice as soon as possible thereafter, of any such requested or actual disclosure in writing

to the counsel for the other parties to afford the parties a reasonable opportunity to seek legal protection from or otherwise limit the disclosure of such information or documents.

16. In the event that anyone subject to this Order violates or threatens to violate the terms of this Order, the parties agree that an aggrieved party may apply immediately to obtain injunctive relief against any such violation or threatened violation, and in the event the aggrieved party shall do so, the respondent, subject to the provisions of this Order, shall not employ as a defense thereto any claim that the aggrieved party possesses an adequate remedy at law.

17. Inadvertent production of documents subject to work product immunity/privilege or the attorney-client privilege shall not constitute a waiver of the immunity or privilege provided that the producing party notifies the receiving party in writing via email, with confirmation by first-class mail, of such inadvertent production as soon as practicable upon learning of the inadvertent production. Such inadvertently produced documents, and all copies thereof, shall be returned to the producing party upon request within three (3) business days. No use may be made of such documents. Nothing in this Protective Order shall prevent the receiving party from requesting that the Court order the production of any such inadvertently produced documents.

18. This Protective Order shall apply to third parties that produce information (documents, testimony, or otherwise) in this action. Such third parties may designate such information as "CONFIDENTIAL", which shall thereafter be treated in accordance with this Protective Order.

19. Nothing herein shall be construed to limit in any way a party's use of its own information.

20. Unless otherwise permitted herein, within sixty (60) days after the final disposition of the action, including all appeals therefrom, all documents and information (originals and copies) designated as "CONFIDENTIAL", and all excerpts therefrom in the possession, custody or control of parties other than the producing party, and experts, investigators, advisors, or consultants shall be destroyed or returned to counsel for the producing party. Outside counsel for parties other than the producing party may retain one copy of each document, pleading, trial exhibit, deposition exhibit, work product and transcript embodying documents or information designated as "CONFIDENTIAL" for archival purposes only but shall destroy or return all additional copies of such documents, pleadings, trial exhibits, deposition exhibits, work product and transcripts. Upon request, the parties and their counsel shall separately provide written certification to the producing party within sixty (60) days after the final disposition of this action that the actions required by this paragraph have been completed.

21. This Order shall regulate the handling of information designated as "CONFIDENTIAL" throughout the period of this litigation and shall remain in force and effect until modified, superseded or terminated on the record or in writing by stipulation of the parties or by Order of the Court. This Order shall survive the final disposition of the action, by judgment, dismissal, settlement or otherwise.

22. This Order may be amended, without leave or approval of the Court, in the form of a written stipulation of the parties that shall be filed with the Court. The Court

shall retain jurisdiction over the parties for the purpose of ensuring compliance with this Order and granting such amendments, modifications and additions to this Order and such other and further relief as may be necessary, and any party may apply to the Court at any time for an amendment, modification, or addition to this Order.

23. The parties agree to abide by and be bound by the terms of this Order upon signature hereof as if the Order had been entered on that date.

**SO STIPULATED, AGREED, AND ORDERED.**

Dated this 15th day of October, 2024.

_____
Scott P. Klosterman
United States Magistrate Judge