Matthew D. Kaufman, WSB #6-3960
Tyler J. Garrett, WSB #6-4400
Melissa K. Burke, WSB #7-5694
Kari Hartman, WSB #8-6507
HATHAWAY & KUNZ, LLP
P. O. Box 1208
Cheyenne, WY  82003-1208
(307) 634-7723
(307) 634-0985 (fax)
mkaufman@hkwyolaw.com
tgarrett@hkwyolaw.com
mburke@hkwyolaw.com
khartman@hkwyolaw.com

ATTORNEYS FOR DEFENDANT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| MO POW 3, LLC and MO POW 4, LLC, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Civil Action No. 1:22-CV-00155-KHR |
| ) | |
| CRYPTO INFINITI LLC, ) | |
| ) | |
| Defendant. ) | |

## CRYPTO INFINITI'S RENEWED OBJECTION

Crypto Infiniti LLC ("Crypto Infiniti"), by and through its counsel, HATHAWAY & KUNZ, LLP, submits this *Renewed Objection* regarding Mo Pow 4's Expert Report.

### BACKGROUND

On March 31, 2023, the parties filed their Joint Case Management Plan. ECF No. 37. Both parties participated in selecting dates for the case going forward. *Id.* Notably, the parties both selected 60 days before the discovery cut-off for expert disclosures by the party bearing the burden of proof. *Id.* at 7. The Court adopted the parties' timeline and ordered that expert disclosures be filed by September 6, 2023, for the party bearing the burden of proof. ECF No. 40 at 6. Mo Pow

4, LLC ("Mo Pow 4") never identified the need for an expert at any time. The deadline for experts then came and passed and Mo Pow 4 chose not to designate an expert regarding its alleged damages or otherwise.

Mo Pow 4 filed a motion for summary judgment on December 13, 2023. ECF No. 51. Mo Pow 4's theory of liability and damages was that Crypto Infiniti breached the Second Agreement between the parties by failing to make the down payment, thus "damaging Mo Pow 4 in the amount of $3,066,000." *Id.* at 8-10. Indeed, Mo Pow 4 never argued any damages for breach of the Second Agreement beyond the amount of the estimated managed services fees for a period of three months, which are entirely speculative. *Id.*

The Court entered an order finding that Crypto Infiniti breached the Second Agreement by sending a letter to Mo Pow 4 accepting termination of the Second Agreement because Mo Pow 4's prior communications could not be construed as a termination and even if the prior communication was a termination, Crypto Infiniti failed to make the down payment when due. ECF No. 64 at 24-25. The Court found that Mo Pow 4's damages were uncertain at that point, noting no term in the Second Agreement called for the $3,066,000 amount as a liquidated damage and it was unclear if that payment would result in a profit to Mo Pow 4, as opposed to compensation for a loss. *Id.* at 25-26.

On March 12, 2024, the parties held a status conference regarding the damages issue and agreed to set a schedule for briefing based on the current record and without an evidentiary hearing. ECF No. 66. At no point did Mo Pow 4 state that it would be relying on additional documents which were not previously produced during the discovery phase to prove its damages or to designate an expert for its damages. *Id.*

In its briefing on damages, Mo Pow 4 again requested a speculative three-month period of estimated managed services fees as damages in the amount of $3,066,000. ECF No. 73. Countering this position, Crypto Infiniti specifically argued that Mo Pow 4 had the burden to prove its damages under Wyoming law with a reasonable degree of certainty without speculation or conjecture and failed to meet that burden because there was no evidence to show the estimated managed services fees for a three-month period were the proper calculation of damages. ECF No. 72 at 5-6. After the parties submitted their briefing on damages, the Court entered its order and acknowledged that Mo Pow 4 solely argued the measure for its damages was the estimated services fees amounting to $3,066,000. ECF No. 79 at 5-6. However, the Court found that Mo Pow 4 was seeking expectation damages (even though it had never explicitly requested these damages) and found that such damages were not limited by the Agreement and presumably the damages would be Mo Pow 4's profits over the term of the contract minus any deductions; however, the Court did not have sufficient information to determine that calculation. *Id.* at 6-7. Then, the Court offered Mo Pow 4 the opportunity to retain an expert, despite discovery being closed and the expert disclosure deadline being well passed. *Id.* at 7.

The Court held a status conference on August 6, 2024, to discuss deadlines for expert designations. ECF No. 80. At this status conference, Crypto Infiniti objected to the Court permitting a late designation of experts for Mo Pow 4. *Id.* Crypto Infiniti also noted the issues regarding expert depositions and document discovery that could not occur because such deadlines had passed. *Id.* Nonetheless, the Court entered an order allowing MO POW 4 to submit a late expert designation in October of 2024. *Id.*

Mo Pow 4 eventually designated its damages expert on October 11, 2024, over a year after the designation deadline set forth in the *Order on Initial Pretrial Conference*. ECF No. 84, 87, 91.

Through its expert's report, MO POW 4 is now seeking millions more than what it had previously claimed. Along with its expert report, Mo Pow 4 provided new documents which had not previously been produced during discovery, which its expert relied upon in formulating his opinions. *See* Exhibit A, attached hereto.

### RENEWED OBJECTION

To ensure the issue is preserved for appeal, Crypto Infiniti renews its previous objection regarding the Court's order allowing MO POW 4 to designate an expert well after the expert designation deadline. The *Order on Initial Pretrial Conference*, entered on April 6, 2023, required MO POW 4 to designate its expert witnesses by September 6, 2023. ECF No. 40 at 6. MO POW 4 failed to designate any experts by that deadline. After MO POW 4 failed to prove its damages in its summary judgment briefing and additional briefing on damages, the Court then *sua sponte* allowed MO POW 4 to designate an expert to help prove its damages, which up to that point MO POW 4 had failed to prove. ECF No. 51, 64, 66, 72, 79. Crypto Infiniti timely objected to the Court's *sua sponte* decision to allow MO POW 4 to designate an expert on damages despite the deadline being well passed. ECF No. 80.

If the *Order on Initial Pretrial Conference* deadline for expert designations was followed, there is no question that MO POW 4 failed to prove any damages under Wyoming law. *Goforth v. Fifield*, 2015 WY 82, ¶ 41, 352 P.3d 242, 250 (Wyo. 2015) ("While exact certainty of the amount of damages need not be proven, remote, conjectural or speculative damages are not allowed."). It was MO POW 4's obligation to timely designate an expert to prove its alleged damages within the deadline set forth in the *Order on Initial Pretrial Conference*, and it failed to do so. *Id.; c.f., Wayt v. Miller*, No. 01-CV-1068-D, 2002 WL 32443035, at *2 (D. Wyo. Nov. 21, 2002), *aff'd*, 64 F.

App'x 697 (10th Cir. 2003) (concluding party failed to prove claim due to his failure to designate an expert).

Despite MO POW 4's failure, the Court gave MO POW 4 another chance to prove its alleged damages by allowing it to designate an expert over a year after the designation deadline set forth in the *Order on Initial Pretrial Conference*. However, it is not the proper function of the Court to assume the role of advocate for a party when counsel's strategy for their client is not successful and fails to prove the client's case. *C.f., Martinez v. N. Arizona Univ.*, 553 F. Supp. 3d 908, 914 (D.N.M. 2021) (explaining in the context of a pro se party that it is not the proper function of the Court to assume the role of advocate); *Biogenics, Inc. v. Kazen*, 6 Fed.Appx. 689, 692 (10th Cir. 2001) (reaffirming the court will not construct arguments or theories for a party). The Court's role was to enter an order finding that MO POW 4 failed to meet its burden in proving damages under Wyoming law. *HRH, LLC v. Teton Cnty., Wyoming*, 596 F. Supp. 3d 1275, 1301 (D. Wyo. 2022) (finding a party failed to meet its burden to prove damages and reaffirming that "[t]he general rule in Wyoming is that remote, uncertain and conjectural or speculative damages are not allowed.").

As such, the Court should not have allowed MO POW 4 to file an untimely expert designation, and instead should have entered an order denying MO POW 4 any damages because such are purely speculative and fail to satisfy the reasonable degree of certainty required under Wyoming law. Crypto Infiniti has been substantially prejudiced as a result.

Additionally, the *Order on Initial Pretrial Conference* required all discovery be completed by December 7, 2023. ECF No. 40 at 7. Despite this deadline, MO POW 4 did not produce the documents its expert relied upon until October 15, 2024. *See* Exhibit A attached hereto. So, not only did MO POW 4 fail to timely designate an expert, but it also failed to timely produce

numerous documents and comply with the deadline set forth in the *Order on Initial Pretrial Conference. C.f., Kern River Gas Transmission Co. v. 6.17 Acres of Land, More or Less, in Salt Lake Cnty., Utah*, 156 F. App'x 96, 101 (10th Cir. 2005) (sanctioning party for failing to voluntary produce documents). MO POW 4's ability to now file an expert report based on documents never disclosed during discovery is highly prejudicial and not in accord with the Federal Rules of Civil Procedure and precedent. As the Court previously made clear in another case:

> A party must disclose all expert witness's identities on or before the deadlines set by the Court. Parties do not have the authority to reserve the right to designate an expert at its own discretion or at its convenience. If this were the case, there any deadlines set by the Court would be meaningless and the ability of the parties to timely and orderly prepare for trial would be lost. This is not situation where suddenly new or additional treatment is identified. Therefore, Plaintiff's designation of this unknown "expert" must be stricken.

*Prager v. Campbell Cnty. Mem'l Hosp.*, No. 10-CV-202-J, 2011 WL 13141599, at *3 (D. Wyo. May 11, 2011).

DATED this 26th day of November 2024.

                HATHAWAY & KUNZ, LLP,

By: /s/  Tyler Garrett
    Matthew D. Kaufman, WSB #6-3960
    Tyler J. Garrett, WSB #6-4400
    Melissa K. Burke, WSB #7-5694
    Kari Hartman, WSB #8-6507
    Hathaway & Kunz, LLP
    2515 Warren Ave. Ste 500
    P.O. Box 1208
    Cheyenne, WY 82003
    Phone:  307-634-7723
    Fax:  307-634-0985

    ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

    This is to certify that on the 26th day of November 2024, a true and correct copy of the foregoing was served upon counsel as follows:

| | |
|---|---|
| Jeffrey S. Pope | [ ✓ ] CM/ECF/Electronic Filing |
| Kasey J. Schlueter | [  ] U.S. Mail |
| Holland & Hart, LLP | [  ] Fax: |
| 2020 Carey Ave Suite 800 | [  ] E-mail |
| P.O. Box 1347 | |
| Cheyenne, WY 82003-1347 | |

                                                      */s/ Tyler Garrett*
                                                      Hathaway & Kunz, LLP