# EXHIBIT 1

Jeffrey S. Pope (Wyo. State Bar # 7-4859)
Kasey J. Schlueter (Wyo. State Bar # 8-6521)
HOLLAND & HART LLP
2020 Carey Avenue, Suite 800
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: 307.778.4200
Facsimile:  307.778.8175
JSPope@hollandhart.com
KJSchlueter@hollandhart.com

ATTORNEYS FOR PLAINTIFFS
MO POW 3, LLC AND MO POW 4, LLC

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| MO POW 3, LLC and MO POW 4, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>CRYPTO INFINITI LLC,<br><br>Defendant. | Civil Action No. 1:22-CV-155-SWS |

**PLAINTIFF'S FIRST SUPPLEMENTAL RESPONSES TO DEFENDANT'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

Plaintiffs MO POW 3, LLC and MO POW 4, LLC ("Plaintiffs"), by and through undersigned counsel, hereby supplement their responses to Defendant Crypto Infiniti LLC's ("Defendant" or "Crypto") first requests for production of documents as follows:

**GENERAL OBJECTIONS**

To preserve Plaintiffs' objections for the record, Plaintiffs incorporate each of these General Objections into the specific responses below.

1.      Plaintiffs object to each request to the extent Defendant seeks communications, information and/or tangible things that are protected by the attorney-client privilege and/or the work-product doctrine. Plaintiffs further object to Defendant's requests regarding the

identification of privileged and protected materials to the extent the requested information exceeds that provided for under the Federal Rules of Civil Procedure.

2. Plaintiffs object to and will disregard all purported instructions, definitions, requirements or requests contrary to the Federal Rules of Civil Procedure. In particular, Plaintiffs object to Defendant's requests to the extent they are vague, ambiguous, overly broad, unduly burdensome or oppressive in the amount and format required, or unreasonably cumulative or duplicative in light of information which is already available to Defendant.

3. Plaintiffs object to Defendant's requests to the extent Defendant seeks documents that are in the possession of third parties not under Plaintiffs' custody or control. To the extent the documents requested are in the possession of a third party, it is more convenient, less burdensome and less expensive for Defendant to seek discovery directly from that third party.

4. Plaintiffs object to Defendant's requests to the extent they seek documents not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

5. Plaintiffs have not completed discovery in this matter, so they base these responses on their present ability and information. Accordingly, documents are provided without prejudice to Plaintiffs' right to make further objections and supplement with documents that are later discovered or that further discovery and investigation may indicate are relevant to this action. Further, Plaintiffs reserve the right to introduce evidence at the time of trial based on documents located, developed, or discovered subsequent to the date of these requests.

6. Plaintiffs reserve all rights to object as to the competency, relevancy, materiality, authenticity and admissibility of the documents disclosed pursuant to Defendant's requests.

7. Plaintiffs' partial response to any request does not waive any of Plaintiffs' objections applicable to a request or Plaintiffs' right to object to Defendant's additional or supplemental requests.

8. These general objections apply to each of the following responses and objections. Any failure to repeat an objection in response to a specific request shall not be deemed a waiver of these general objections.

9. Plaintiffs object to each request to the extent it calls for the disclosure of proprietary or confidential information, including but not limited to personnel information.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Please produce all Documents and Communications Concerning the allegations in Your Complaint.

**RESPONSE**: Plaintiffs object to this Request as seeking documents already in the possession and control of Defendant. Without waiving this objection and the General Objections stated above, *see* Plaintiffs' Rule 26 Initial Disclosures and MO POW 00104-107, 110-115, 124-136, 145-177, 182-187, 205-217.

**FIRST SUPPLEMENTAL RESPONSE:** Plaintiffs object to this Request as seeking documents already in the possession and control of Defendant. Without waiving this objection and the General Objections stated above, please see documents relied upon by Plaintiffs' expert produced herewith and identified as MO POW 00236-743.

**REQUEST FOR PRODUCTION NO. 2:** Please produce all Documents and Communications relied upon in Your Answers to Crypto Infiniti's First Set of Interrogatories.

**RESPONSE:** Without waiving the General Objections stated above, please see responsive documents produced herewith and identified as MO POW 00087-151, 178-218.

**FIRST SUPPLEMENTAL RESPONSE:**  Without waiving the General Objections stated above, please see Expert Designations filed on October 11, 2024.

DATED: October 15, 2024.

*/s/ Kasey J. Schlueter*
Jeffrey S. Pope (Wyo. State Bar # 7-4859)
Kasey J. Schlueter (Wyo. State Bar # 8-6521)
HOLLAND & HART LLP
2020 Carey Avenue, Suite 800
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: 307.778.4200
Facsimile:  307.778.8175
JSPope@hollandhart.com
KJSchlueter@hollandhart.com

ATTORNEYS FOR PLAINTIFFS
MO POW 3, LLC AND MO POW 4, LLC

4

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2024, I served the foregoing by sending a true and correct copy thereof electronically via email and Box (secure electronic transfer system) to the following:

Matthew D. Kaufman
Tyler J. Garrett
Melissa K. Burke
Kari Hartman
HATHAWAY & KUNZ, LLP
P.O. Box 1208
Cheyenne, WY 82003-1208
mkaufman@hkwyolaw.com
tgarrett@hkwyolaw.com
mburke@hkwyolaw.com
khartman@hkwyolaw.com

/s/ Kasey J. Schlueter

33113904_v1

5