# EXHIBIT 2

Jeffrey S. Pope (Wyo. State Bar # 7-4859)
Kasey J. Schlueter (Wyo. State Bar # 8-6521)
HOLLAND & HART LLP
2020 Carey Avenue, Suite 800
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: 307.778.4200
Facsimile:  307.778.8175
JSPope@hollandhart.com
KJSchlueter@hollandhart.com

ATTORNEYS FOR PLAINTIFFS
MO POW 3, LLC AND MO POW 4, LLC

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| MO POW 3, LLC and MO POW 4, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>CRYPTO INFINITI LLC,<br><br>Defendant. | Civil Action No. 1:22-CV-155-SWS |

**PLAINTIFFS' ANSWERS TO DEFENDANT'S FIRST INTERROGATORIES**

Plaintiffs MO POW 3, LLC and MO POW 4, LLC ("Plaintiffs"), by and through undersigned counsel, hereby submit their answers to Defendant Crypto Infiniti LLC's ("Defendant" or "Crypto") first interrogatories as follows:

**GENERAL OBJECTIONS**

To preserve Plaintiffs' objections for the record, Plaintiffs incorporate each of these General Objections into the specific answers below.

1.      Plaintiffs object to Defendant's interrogatories to the extent they seek information more readily available to or in the control of third parties. To the extent the documents requested are in the possession of a third party, it is more convenient, less burdensome and less expensive for Defendant to seek discovery directly from that third party.

2.      Plaintiffs object to these interrogatories to the extent they are vague, overly broad, unduly burdensome or oppressive in the amount and format of the information required, or unreasonably cumulative or duplicative in light of information which is already available to Defendant.

3.      Plaintiffs have not completed discovery in this matter. Accordingly, documents and information are provided without prejudice to Plaintiffs' right to make further objections and present additional information that is later discovered or that further discovery and investigation may indicate is relevant to this action. Plaintiffs base these answers on their present ability and information. Answers contained herein are subject to modification and supplementation as further information becomes known during the course of the lawsuit. Further, Plaintiffs reserve the right to introduce evidence at the time of trial based on information and/or documents located, developed or discovered subsequent to the date of these answers.

4.      These General Objections apply to each of the following answers and objections. Any failure to repeat an objection in response to a specific interrogatory shall not be deemed a waiver of these General Objections.

5.      Plaintiffs object to these interrogatories to the extent they seek communications, information and/or tangible things that are protected by the attorney-client privilege or work-product doctrine. Such information will not be produced. Any inadvertent answer covered by such privileges, immunities or discovery limitations does not waive any of Plaintiffs' rights to assert such privileges, immunities or discovery limitations, and Plaintiffs may withdraw from production any such information or documents inadvertently produced.

6.      Plaintiffs have made a reasonable inquiry into the factual matters at issue in these interrogatories, have collected the information in their custody, that they could readily obtain,

and continue to investigate the factual matters at issue. As a result, Plaintiffs reserve the right to amend, supplement, or edit these answers if new information becomes available.

7. Plaintiffs object to Defendant's interrogatories to the extent they seek information not relevant to the subject matter of this action and not proportional to the needs of the case.

8. Plaintiffs object to each interrogatory to the extent it calls for the disclosure of proprietary or confidential information, including but not limited to personnel information. Plaintiffs further object to Defendant's interrogatories regarding the identification of privileged and protected materials to the extent the requested information exceeds that provided for under the Federal Rules of Civil Procedure.

9. Plaintiffs reserve all rights to object as to the competency, relevancy, materiality, and admissibility of the information disclosed pursuant to Defendant's interrogatories. Plaintiffs do not waive any objection concerning competency, relevancy, materiality, or admissibility by answering any interrogatory.

10. A partial answer by Plaintiffs to any interrogatory is not a waiver by Plaintiffs of any objection applicable to an interrogatory or of the right of Plaintiffs to object to Defendant's additional, supplemental, or further interrogatories.

11. Unless otherwise explicitly stated, Plaintiffs' answers are subject to these General Objections.

**ANSWERS TO INTERROGATORIES**

**INTERROGATORY NO. 1:** Explain in detail how You have used the $4,135,250 that was paid by Crypto Infiniti. As part of your explanation, please provide the names and contact information for all Persons that have received any portion of the $4,135,250 from You.

**ANSWER:** Plaintiffs object to the extent this Interrogatory is compound, overly broad, unduly burdensome, and seeks information that is irrelevant and not proportional to the needs of

the case. Plaintiffs had no duty to use the money paid by Crypto Infiniti in a specific way, thus the information regarding how the money was spent has no bearing on the issues in dispute. Fed. R. Civ. P. 26(b)(1). As explained in Plaintiffs' Motion to Dismiss the First Amended Counterclaims, the contracts in this case do not require Plaintiffs to utilize any specific set of money to meet their duty to have the site ready. Without waiving these objections and the General Objections stated above, *see* Plaintiffs' response to Request for Production 4. *See also* Fed. R. Civ. P. 33(d).

**INTERROGATORY NO. 2:** Please identify all individuals (besides Thomas Guel, Jinwei Zhang, and Yi Lin) that may have knowledge of the master hosting agreement between MO POW 3 and Crypto Infiniti effective May 26, 2022 and/or the master hosting agreement between MO POW 4 and Crypto Infiniti effective May 26, 2022, the terms therein, or communications and payments relating to those agreements.

**ANSWER:** Plaintiffs object to the extent this Interrogatory seeks information available to Defendant. Without waiving this objection and the General Objections stated above, Mason LeGrange and Charles R. Ciancanelli may have knowledge relating to the contracts.

**INTERROGATORY NO. 3:** Describe in detail all actions taken by You since January 1, 2021 to present, Concerning the development of Your facilities located at 400 North Main, Springfield, Missouri 65802 and 5501 East Farm Road 112, Strafford, Missouri 65757, in order for those locations to be capable of providing managed services for Crypto Infiniti under the master hosting agreements between You and Crypto Infiniti.

**ANSWER:** Without waiving the General Objections above, Plaintiffs state that days after entering into the Master Hosting Agreements, MO POW 3 entered into a non-refundable agreement for SB3000 data centers, which would have hosted Crypto equipment. It also agreed

to acquire the corresponding transformers. The supplier has since shipped data centers and transformers for the site. Beyond purchasing the necessary resources, MO POW 3 received approval for the 400 N. Main Street, Springfield, Missouri 65802, plan from the appropriate municipal authorities and cooperated with the city engineer on the utilities design. Plaintiffs also engaged a General Contractor, A1 Electric, for engineering and construction. *See* documents produced in response to Request for Production 5; *see also* Fed. R. Civ. P. 33(d).

**INTERROGATORY NO. 4:** Please provide an itemization of damages You claim from the allegations stated in your Complaint.

**ANSWER:** Plaintiffs object to this Interrogatory as premature. Discovery is on-going and so is the computation of Plaintiffs' damages. In addition, Plaintiffs may designate an expert to compute and identify all damages arising from Defendant's actions in this case. As such, Plaintiffs cannot state a full itemization of damages at this time. Plaintiffs will supplement as required. Without waiving this and the General Objections stated above, Plaintiffs can itemize the following damages:

- $3,066,000.00 resulting from non-payment of the Second Master Hosting Services Agreement's Rate Buy Down payment.

- $880,380.00 resulting from non-payment of the First Master Hosting Services Agreement's Minimum Hosting Services Payment.

- Reputational harm related to the stoppage of site development, which continues to accrue and will be supplemented.

- Delay costs resulting from failure to deliver equipment, which continue to accrue and will be supplemented.

- Consequential damages arising from failure to perform the Second Master Hosting Services Agreement, including loss of rate buy down structure and equipment purchases, which continue to accrue and will be supplemented.

Dated September ~~22~~ 23, 2023. MAL

As to Answers to Interrogatories:

By: _[signature]_

STATE OF ~~WYOMING~~ Colorado )
COUNTY OF Jefferson )

Signed and sworn to before me on the 23 day of September 2023, by Mason LeGrange as a Representative for Mo Pow 3, LLC and Mo Pow 4, LLC.

_[signature]_
Notary Public

My commission expires: 04/28/2024

ASHLEY MARIE CRESS
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20204015129
MY COMMISSION EXPIRES 04/28/2024

AS TO OBJECTIONS:

/s/ Jeffrey S. Pope
Jeffrey S. Pope (Wyo. State Bar # 7-4859)
Kasey J. Schlueter (Wyo. State Bar # 8-6521)
HOLLAND & HART LLP
2020 Carey Avenue, Suite 800
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: 307.778.4200
Facsimile: 307.778.8175
JSPope@hollandhart.com
KJSchlueter@hollandhart.com

ATTORNEYS FOR PLAINTIFFS
MO POW 3, LLC AND MO POW 4, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2023, I served the foregoing electronically and by placing a true and correct copy thereof in the United States mail, postage prepaid and properly addressed to the following:

Matthew D. Kaufman
Tyler J. Garrett
Melissa K. Burke
Kari Hartman
HATHAWAY & KUNZ, LLP
P.O. Box 1208
Cheyenne, WY 82003-1208
mkaufman@hkwyolaw.com
tgarrett@hkwyolaw.com
mburke@hkwyolaw.com
khartman@hkwyolaw.com

/s/ Jeffrey S. Pope

30555412_v1

7