FILED

**Margaret Botkins**
**Clerk of Court**

3:46 pm, 3/19/25

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| MO POW 3, LLC and MO POW 4, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> CRYPTO INFINITI LLC, <br><br> Defendant. | Case No.  1:22-CV-155-KHR |

## ORDER OUTLINING JUNE 3, 2025, DAMAGES HEARING

On March 19, 2025, the Court held a telephonic status conference to discuss a final resolution to this case. On February 20, 2024, the Court entered its Order on the parties' cross motions for summary judgment, finding both Mo Pow 4 and Crypto Infiniti were entitled to damages. [ECF No. 64]. Defendant Crypto Infiniti claimed it is entitled to $7,056,975.30 in damages for Mo Pow 3's breach of the First Agreement. [ECF No. 72]. Plaintiff Mo Pow 4 claims it is entitled to $3,066,000.00 in damages for Defendant Crypto Infiniti, LLC's breach of the Second Agreement. [ECF No. 73]. After reviewing the relevant filings, this Court required the assistance of additional expert opinion(s) to determine the precise extent of each party's damages. [ECF No. 79].

This case is now ripe for a final resolution.[1]  Therefore, the Court set a half day, in person hearing for June 3, 2025, at 8:30 a.m. to address the remaining damages issue.  The Court sets forth the following procedures to address the remaining damages issues in conjunction with the June 3, 2025, hearing.

The parties shall prepare, exchange, and file a witness statements **seven (7) days prior to the June 3, 2025, hearing**.  Witness statement shall be provided for each expert witness.  These witness statements shall be used at trial in accordance with the following procedure.

*Form of Statement*: For each witness whose direct testimony will be presented in statement form, counsel shall prepare a statement setting forth in declaratory form all of the facts to which that witness will testify. The facts shall be stated in a narrative form, not by question and answer. The statement shall contain all of that witness's direct testimony so that a person reading it will know all of the relevant facts to which the witness would testify. It shall not be sworn or notarized.

*Use of statements*: At trial, each witness whose direct testimony has previously been submitted in statement form shall take the stand and under oath shall adopt the statement as true and correct. The party offering that witness shall then offer the statement as an exhibit, subject to appropriate objections by the opposing party on which the Court will then rule.

---

[1] The Court notes that Defendant's Motion to Strike Plaintiff's Experts [ECF No. 98] was denied by the Chief Magistrate Judge for the District of Wyoming.  [ECF No. 102].  During the March 19, 2025, status conference Defendant expressed its intention to appeal that ruling to the District Court.  Consequently, any rulings and opinions stated in this Order are subject to revision or limitations that might arise from the Court's ruling on appeal.

The witness will then be allowed to supplement his/her statement by any additional live direct testimony considered necessary by counsel.

Thereafter, cross-examination shall proceed in the ordinary course, followed by redirect, etc.

*Exhibits*:  Documents to be offered as exhibits shall not be attached to witness statements, but shall be pre-marked and exchanged along with other proposed exhibits in the usual fashion.

*Deposition Testimony*:  The parties shall present any pertinent deposition testimony to the Court at the time of filing the expert witness statements.  The deposition testimony shall include specific citations and highlights to allow the Court and the opposing party to quickly and easily locate the relevant testimony.  A party may also have the deponent testify, as to the relevant damages issue and how the pertinent issues relate to the previous testimony, at the hearing before the Court.

The parties shall proceed as outlined above.  As noted, any procedures established in this Order are subject to revision pending a ruling on any appeals, and subject to any further revision of the Court.

Dated this 19th day of March, 2025.

Kelly H. Rankin
United States District Judge